LAWTON *vs.* BRANCH & COOPER.

Where by the summons the garnishee was required to answer what he was indebted to defendant in execution, or what property or effects he has in his hands belonging to him, or had at the time of the service of the summons, *and also what he had become indebted to him, or what property or effects he had received or got possession of belonging to him, between the time of service and filing his answer to the summons ;* and where, at the return term of said garnishment, the garnishee made answer that he was not indebted, nor had any property or effects, either when served or when his answer was filed, but omitted to make any answer in respect to indebtedness incurred or effects received, between the time of service and the time of his answer; and where, at the next succeeding term, on the call of the case, on the plaintiffs' motion, the answer was stricken as insufficient in law ; and judgment was rendered against the garnishee for the amount of the judgment and costs; and where, at the term next subsequent to that at which said judgment was rendered against the garnishee, he made a motion to set it aside on the ground of accident and mistake in this, that he requested the clerk of the court to write his answer, requesting him to make full answer, including the intermediate time,. and the clerk omitted that part of his answer because he, the clerk, deemed it unnecessary, and the garnishee swore to and signed it as written without reading the same, and where, these facts being established by the depositions of the garnishee and the clerk, the court overruled the motion to set aside the judgment on the ground of accident and mistake as set out above:

*Held,* that the court did not err in overruling said motion.

Garnishment.    Judgment.    Practice in the Superior Court.    Before Judge HARDEN.    City Court of Savannah. July Term, 1878.

The facts of this case are set out in the head-note and opinion.    Branch & Cooper were plaintiffs, Cabaniss defendant, and Lawton garnishee.    Judgment was rendered

against Lawton; he moved to set it aside; the motion was overruled, and he excepted.

JACKSON, LAWTON & BASINGER, for plaintiff in error.

GEORGE A. MERCER, for defendants.

JACKSON, Justice.

The question made by this record is, whether a garnishee who fails to make answer to a summons of garnishment requiring him to answer not only in respect to indebtedness when served with the summons and when he answered it, but intermediate those dates, when he fails to answer touching the latter point of inquiry, and judgment is awarded against him regularly for such failure, can relieve himself from his negligence on a motion to set aside the judgment at a subsequent term on the ground of accident and mistake?

He got the clerk to write his answer for him. He told the clerk to write it in full, embracing the intermediate time. The clerk thinking it unnecessary, left that part out. The garnishee swore to and signed what the clerk wrote without reading it over. Judgment was rendered against him for this insufficient answer by the court at the second term according to law; and at the next, he made the motion to set it aside.

We would be glad to relieve the garnishee if it could be done according to law, for the case seems a hard one. But it is his own negligence. He did not even read over his answer after the clerk wrote it. According to his deposition, he knew what ought to be written and instructed the clerk what to write; but the clerk intentionally omitted the fatal part. There was no mistake, therefore, by the clerk, and if any by the garnishee, it arose from his neglect to read before he swore. A court of law, on a motion to set aside a judgment, will hardly grant relief when a court of equity would refuse it.

In the case of *Stroup vs. Sullivan & Black*, 2 *Kelly*, 275,

relief to the garnishee was refused by the court on a bill filed in equity therefor in a case similar to this; and the court there laid down the rule that the mistake or accident which would authorize relief must be *unmixed with negligence on the part of the complainant.* And such is the Code, §§3129, 3595. The party seeking relief in the case at bar on this motion to set aside was very negligent in not reading over the answer before he signed it and deposed to its truth. The better plan would have been to have employed counsel; then, while if there had been mistake he might not have been relieved, he would have had his remedy over against the attorney. In 2 *Kelly* counsel was employed, I believe, but there was neglect, and no relief was granted.

See, also, cited for defendants in error, Code, §3304; 32 *Ga.*, 115; 60 *Ib.*, 554; acts of 1856, p. 29, §15; Code, §§3483, 3556, 3549; 51 *Ga.*, 326; 32 *Ib.*, 119; 56 *Ib.*, 510; 45 *Ib.*, 144–146; Code, §§4252, 4958; 58 *Ga.*, 263; 57 *Ib.*, 27; 38 *Ib.*, 297, 602; Code, §§3588, 3121, 3117, 3592, 3595, 3129; 38 *Ga.*, 138; 4 *Ib.*, 175; 33 *Ib.*, 12.

For plaintiff in error: 40 *Ga.*, 506; 50 *Ib.*, 575; 55 *Ib.*, 153; 57 *Ib.*, 25; 58 *Ib.*, 262; 18 *Ib.*, 650–657; 22 *Ib.*, 52–55; 45 *Ib.*, 369.

¡Judgment affirmed.