### GEORGIA MAUSOLEUM COMPANY *v.* WILLIAMS.

FISH, C. J. The Georgia Mausoleum Company was served with summons of garnishment based on. a pending suit in the municipal court of Atlanta, wherein F. G. Williams was plaintiff and Clark Grier defendant, calling upon the garnishee to answer in terms of the statute at the next term of the court. At the time specified the general manager of the company, who was also general manager of another corporation called the "Mausoleum Construction Company," carried the summons of garnishment to the court for the purpose of making answer. He informed the clerk of the court of the difference between the two corporations, and requested him to prepare an answer of "not indebted," etc., for the Georgia Mausoleum Company, stating as a reason therefor that Grier had never been employed by that corporation. The clerk prepared an answer which was in form and substance as provided by the statute, but by mistake it specified the Mausoleum Construction Company as the garnishee, without naming the Georgia Mausoleum Company. The

answer was duly sworn to by the general manager who purported to act for the garnishee, and was filed with the other papers in the case on which the summons was issued. No other answer was filed, and at a subsequent term the plaintiff's attorney entered a judgment against the garnishee for the amount of plaintiff's judgment against Grier. The Georgia Mausoleum Company shortly thereafter instituted an equitable action in which the petition alleged the foregoing in substance, and prayed that the judgment be set aside and its enforcement stayed. *Held*, that the petition as amended was properly dismissed on general demurrer. Civil Code, § 5281; *Lawton* v. *Branch*, 62 *Ga.* 350; *Sutton* v. *Gunn*, 86 *Ga.* 652 (12 S. E. 979).

*Judgment affirmed. All the Justices concur.*

AUGUST 18, 1917.

Equitable petition. Before Judge Pendleton. Fulton superior court. April 6, 1916.

*Smith, Hammond & Smith*, for plaintiff.

*Bachman & Simmons*, for defendant.