SUTTON *et al. v.* GUNN.

1. The plaintiff in an attachment for purchase money may entitle himself to a general judgment against the defendant by giving notice as prescribed in section 3309 of the code.

2. The city court of Macon being invested by statute with power to hear, determine and give judgment in all civil cases of which it has jurisdiction, unless a trial by jury is demanded, a judgment rendered by the judge without a jury in an attachment case, though the foundation of the attachment be a conditional note, is valid where due notice has been given of the proceedings and there is no appearance, plea or demand for a jury trial. Although the letter of the statute requires the demand to be made on the first day of the term to which the case is returnable, this does not bind the defendant to make the demand before he is served with notice, but he will be allowed to make it afterwards, where the object is to obtain a general judgment against him.

(*a*) Demand as a condition of trial by jury is constitutional.

3. Process need not be annexed to a declaration in attachment; notice as required by the statute will suffice.

4. The declaration is in time if filed on the last day of the first term.

5. Illiteracy of a defendant in attachment is no excuse for not knowing the contents of a written notice and making defence in due time.

February 23, 1891. By two Justices.

Attachment. Notice. Demand. Judgment. Constitutional law. Process. Practice. Before Judge HARRIS. City court of Macon. June term, 1890.

The error assigned is, that the city court overruled the motion of Edward and Emily Sutton to set aside a verdict and judgment in attachment in favor of Gunn against them, the motion being upon the grounds that the verdict was rendered by the judge of the court to which the attachment was returnable, upon a conditional contract, without a jury; that there was no verdict to sup-

port the judgment; that the attachment was sworn out March 20, 1889, and the declaration not filed until June 29, 1889; that defendants were never served with a copy of the declaration; that there was no process to the declaration; and that the judgment should be vacated so far as it affects Emily Sutton, because she had a good defence, to wit, that she signed the note sued upon as security for her husband, Edward, and she has never had her day in court, being unable to read the notice served on her and being informed and believing that the cause would be for trial in October, at which time she appeared at court to learn when it would be for trial and was informed it had been tried, and she never appeared and pleaded to the attachment and the property attached was never replevied.

The attachment was sued out March 20, 1889, returnable to the June term, 1889, of the city court, and was levied upon a horse in possession of Edward Sutton, which horse (defendants not having replevied it) was sold on March 30, 1889, under order of court upon Gunn's application reciting that the defendants had been served with notice of his intention so to apply. On June 29, 1889, Gunn filed his declaration alleging indebtedness to him by defendants upon a promissory note, and the issuing and the levy of the attachment, and praying for a judgment for the sale of the property levied upon and for general judgment. The note sued upon was given to Gunn by defendants, and by its terms defendants jointly and severally promised to pay Gunn on or before twelve months from its date, October 28, 1888, $125 with interest at a specified rate, agreeing to pay at least $10 a month on the note, "and failing either monthly payment then makes the whole note due." No process was attached to the declaration. On August 28, 1889, defendants were each served personally with a notice that the attachment cause was pend-

ing in the city court, returnable to the June term, 1889; that under the attachment the horse had been seized and sold; that at the return term plaintiff had filed his declaration on the attachment, setting forth the indebtedness of defendants on the note, a copy of which was attached to the notice; and that at the September term of the court, ten days or more from date, at such time as the cause might be set, plaintiff proposed to take a general judgment against defendants. At the September term the judge, without a jury, found in favor of plaintiff for the principal and interest of the note, to be paid out of the proceeds of the sale of the property, and to be collected out of the property of defendants, and that judgment issue in favor of plaintiff against defendants for the full amount sued for. This finding recited that it was shown to the court that the suit was upon "an conditional (?) contract in writing and upon an attachment levied upon one medium-sized bay horse, and that the defendants have seized bay horse, and that the defendants have been duly notified of the filing of the declaration in attachment." Upon this finding, on September 24, 1889, general judgment was entered against defendants, and special judgment against the attached property. It was admitted that the defendants had never appeared and pleaded, and that the property attached had not been replevied.

H. F. STROHECKER, by brief, for plaintiff in error.

HARDEMAN & NOTTINGHAM, by B. M. DAVIS, *contra.*

BLECKLEY, Chief Justice.

1. The law of attachment for purchase money is the same as the general law of attachment, except in certain particulars, such as the grounds upon which the writ is issued and the property on which it is to be levied, Code, §3296. That a general judgment can be recovered in such a case, where there is voluntary appearance by the defendant, followed by pleading, is held

in *Joseph* v. *Stein*, 52 *Ga.* 332. Also, where the property has been replevied. *Camp* v. *Cahn*, 53 *Ga.* 558. In the present case there was neither appearance nor replevy, but there was written notice given more than ten days before final judgment, which, according to section 3309 of the code, has the same effect upon the plaintiff's right to a general judgment. It may therefore be affirmed that the plaintiff in an attachment for purchase money may, by giving the defendant the notice prescribed in the code, obtain a general judgment for the amount of his debt.

2. The judgment was rendered by the city court of Macon without a jury. There could be no question of the power to do this, if the contract declared upon was an unconditional contract in writing. Constitution, art. 6, sec. 4, par. 7; Code, §5145. *Juchter* v. *Boehm*, 63 *Ga.* 71; *Dortic* v. *Lockwood*, 61 *Ga.* 293. As to other contracts, the power depends upon the statute creating the city court of Macon, and the application of that statute to a case like this. It declares that "The judge of the said city court shall have power and authority to determine all civil causes of which the said court has jurisdiction and to give judgment and execution therein; provided always, that either party in any cause shall be entitled to a trial by jury in said court, upon entering a demand therefor by himself or his attorney in writing on or before the call of the docket the first day of the term of said court at the term to which the cause is returnable, in all cases where such party is entitled to a trial by jury under the constitution and laws of this State." Acts 1884–5, p. 473. The attachment was returnable to the June term; but up to that time it had been served as an attachment only. The notice required as a foundation for a general judgment had not been given, and of course it was not obligatory upon the defendants to demand a trial by jury upon the first

day of that term, so far as any general judgment to be afterwards rendered was concerned. It may be that such a demand would have been necessary to make it incumbent upon the court to submit the case to a jury before rendering a special judgment binding only on the property attached. It is obvious that the case, as a complete proceeding for a general judgment, did not exist till the notice was served. That service took place on August 28th, and this was only a few days before the beginning of the second term, that term being fixed by law to commence on the first Monday in September. Were the defendants bound to make their demand for a jury on the first day of that term? We think not. Ordinary process from the city court of Macon is required to be served the same length of time as process from the superior court, that is 15 days before the term to which the case is returnable. As to ordinary cases the provision relative to the time of demand would be reasonable, and the time afforded ample. But it cannot be held that these defendants lost their right to trial by jury by failure to make a demand on the first day of the September term. The statute contains no express provision for a demand at any time after the first day of a term. It, however, invests the court with power to try and render judgment in all civil cases unless a jury is demanded. The *time* for making demands is fixed with reference to ordinary actions, but is not applicable to such a case as this, because the notice was not served prior to the term to which the case was returnable. The provision as to *demand*, however, is applicable to this as well as to other cases. On account of the special circumstances, the rule of the statute as to time could not and would not be enforced, but that is no reason for dispensing with demand altogether. Had a jury been demanded, even at the time of trial, which was September 24th, the demand could have

been acceded to, but there was no demand made at any time, and for that reason the right to a jury trial was not violated. The court was not called on for a jury trial. Indeed, no defence whatever was filed; there was no issue for a jury to try; nothing was to be established but the truth of the plaintiff's declaration; the case was in default. Even where a mode of affirmative waiver is prescribed, a trial by jury may be waived in civil cases in other ways. "The clause in the constitution that the right to a jury trial in civil cases may be waived in the manner to be prescribed by law, has not been regarded as precluding courts from holding parties to have waived by their conduct or silence the right to a jury trial, upon general principles of law applicable to the subject, although the case is not provided for by any statute." Baird v. Mayor, 74 N. Y. 383. The statute touching the city court of Macon treats all parties to civil cases, whether plaintiffs or defendants, as waiving the right unless they demand it. No affirmative act by a party to a pending cause is required to set the trying functions of the court in motion, but an affirmative act is required to put a jury in motion. Under such a system every party is presumed to desire his case tried by the court if he fails to signify that he wishes a jury. Surely this is imposing a very mild condition. It is a reasonable regulation. Garrison v. Hollins, 2 Lea, 684; Lawrence v. Born, 86 Pa. St. 225; Foster v. Morse, 132 Mass. 354; Cooley Const. Lim, 6 ed. 505. Much more onerous terms might be exacted by statute without infringing upon the constitutional sacredness of trial by jury. *Flint River Steamboat Co.* v. *Foster,* 5 *Ga.* 194.

3. Neither by law nor the course of practice in this State is it needful to attach any process to a declaration in attachment. We have never heard of any such thing being done. There is no provision for issuing or

serving it.  The due service of notice is all that is required in attachment cases to subject the defendant to be proceeded against for the obtainment of a general judgment.  Code, §3309.

4. The declaration must be filed at the first term. Such is the requirement of the statute.  Code, §3308. It may be filed on any day within the term.  Such is the construction given to a similar statute in Illinois. Lawyer v. Langhans, 85 Ill. 138.  We can have no doubt that filing on the last day of that term was sufficient.

5. The suggestion in the amended motion that one of the defendants had a good defence, to wit, that she signed the note as security for her husband, and that being unable to read the notice served on her, she was informed and believed that the case would be for trial in October, furnishes no cause for vacating the judgment.  Her illiteracy will not excuse her from using due diligence to ascertain correctly the contents of the notice.  Her misinformation was not caused by any act or omission of the adverse party, and she, like all other suitors, must abide by the legal consequences of regular procedure in a pending action.  Her own negligent ignorance or mistake is no ground of relief. Lawton v. Branch, 62 Ga. 350.

The city court did not err in overruling the motion to set aside the judgment.    Judgment affirmed.