15—223; 17—93; 22—76; 29—594; 31—424; 63—693; 75—181; 76—474; 80—272; 88—297; 89—140; 2 Thomp. Tr. §2214; 1 Whar. Cr. L. §§381, 474-8; 1 Russ. Cr. 514, 582; 7 C. & P. 274, 32 E. C. L. R. 509; 1 East, P. C. 236; 2 Ld. Raym. 1498; 1 *Id.* 43; 1 Hale, 455; 1 Leach, 378; 12 Rep. 87.

W. H. FELTON, Jr., solicitor-general, *contra*, cited *Ga. Rep.* 5—441; 10—102; 28—215; 17—200; 18—229; 22—83; 55—697; 58—212; 76—697; 3 Gr. Ev. §128.

---

### BROWN *et al.* v. THE STATE.

A person charged in the county court with a misdemeanor having waived indictment and trial by jury, and the waiver having been recorded as required by §299 of the code, and after a trial by the county judge and a finding of guilty the case having been taken to the superior court by *certiorari* and the judgment there reversed without any special order for disposing of it finally, when the case returned to the county court for a new trial the accused had no right to withdraw his waiver of indictment by a grand jury, as that would have divested the county court for the time being of jurisdiction; but he did have a right to withdraw his waiver of trial by jury and to demand a trial by jury in lieu of a second trial by the county judge. The only restriction upon this right was that it should be exercised in due and reasonable time, and it appearing that, on the return of the case to the county court, notice was given of intention to demand a jury trial, and that, when the case was called, the demand was actually made together with a motion to withdraw the waiver, no point being made as to delay, it was error for the county judge to overrule the motion, deny the demand for trial by jury and proceed to try the accused a second time. Cross *v.* State, 78 Ala. 430; State *v.* Touchet, 33 La. An. 1154; Town of Carthage *v.* Buckner, 8 Ill. Ap. 152; Dean *v.* Sweeney, 51 Tex. 242; Brown *v.* Chenoworth, *Id.* 469; 1 Thomp. Trials, §2.          *Judgment reversed.*
May 18, 1892.

Criminal law. Waiver. Practice. Before Judge MILLER. Houston superior court. April term, 1892.

Separate accusations were preferred in Houston county court against Redford, Brown and Kendrick, charging

each of them with assault and battery, in that they did assault and beat Allen Lockett on the 26th of June, 1891. The defendants waived indictment and trial by jury, and were tried in the county court and convicted. A *certiorari* was sustained and a new trial awarded. "On the return of said case to the county court," the defendants "gave notice that they would demand an indictment by the grand jury, and if this was by the court refused, they would demand a trial by jury in the county court; and notwithstanding this notice was given in due time to have granted the request for an indict- ment by the grand jury, and in sufficient time to have had a jury summoned, . . said demand for indict- ment and said request for trial by jury was refused.

. . When said case was called," the defendants "before arraignment, in writing moved the court for leave to draw their waiver of indictment by grand jury and trial by jury, entered at ———— term, 1891, which motion was refused." The defendants then demanded an indictment by grand jury, which was refused; and then they demanded a trial by jury, which also was re- fused, and the case was ordered to proceed. Each of these rulings was assigned as error in a petition for *certiorari* taken by the defendants jointly, after being convicted in the county court on the second trial.

C. C. DUNCAN, for plaintiffs in error.

W. H. FELTON, JR, solicitor-general, *contra*.

---

## GUNN v. THE STATE.

1. The act of 1873 (Code, ¾4580), making it a misdemeanor to hunt any kind of game with gun or dogs, or both, on the Sabbath day, is not violative of the constitution of this State or of the United States.

2. The word "game," without statutory definition, is sufficiently certain. The word is to be understood in its ordinary significa- tion. Code, ¾4, par. 1.