## CAIN v. THE STATE.

1. Where the trial of a criminal case, in a city court, had been repeatedly postponed at the instance of the State, because of the absence of an indispensable witness, the accused on every occasion when the case was called announcing ready for'trial, he should not, when the attendance of this witness was at length obtained, have been deprived of his right to withdraw a waiver of trial by jury previously made, it not appearing that the motion to withdraw such waiver was made merely for delay, or that granting it would have resulted in a further postponement of the case, in order to obtain a jury to try the same.

2. This case, upon·its facts, does not materially differ from those of *Brown* v. *State*, 89 *Ga.* 340, and *Butler* v. *State*, 97 *Ga.* 404, and is controlled by the decisions therein rendered.

Argued October 11, — Decided November 15, 1897.

Accusation of stabbing.    Before Judge Ross.    City court of Macon.    March term, 1897.

On April 20, 1897, an accusation was preferred in the city court of Macon against Tom Cain, charging him with the offense of stabbing, committed upon Carrie Hollis on March 6, 1897. When the case came on for trial on May 24, 1897, M. G. Bayne announced to the court that he had just been associated with L. J. Spinks as counsel for the defendant, and moved to withdraw the waiver of trial by jury theretofore made. The denial of this motion is assigned as error. It appears, that on April 20, 1897, defendant appeared before the court with L. J. Spinks, an attorney at law, of the firm of Culverhouse & Spinks, as his counsel, and made the following waivers as shown by the entries upon the accusation: "Defendant being asked by the court if he demands indictment by the grand jury, replies No. Defendant being asked by the court if he demands the jury allowed by law, replies No." Both entries were entered and signed by the solicitor-general pro tem. The case was then assigned for trial before the judge of the city court for April 22, 1897, and witnesses for the State and defendant were subpœnaed, counsel agreeing to said assignment. On that day the case was called for trial, and defendant announced ready. The principal witness for the State, Carrie Hollis, being absent, the solicitor-general asked that the trial be postponed for the purpose of securing her attendance; and the case was

postponed and assigned for trial on April 24. On that day said witness was still absent, and the case was continued by the State and reassigned for trial on April 30, 1897, counsel for the defendant having notice thereof. At each of these assignments counsel for defendant announced ready, and made no objection to the reassignment of the case. On April 30, the witness still being absent, defendant having announced ready for trial, at the instance of the State the court announced the case postponed until the witness could be apprehended and brought in court, stating to defendant's attorney that the case would be assigned for trial as soon as the attendance of the witness could be secured. On May 22, 1897, Carrie Hollis was apprehended and brought into court. Counsel for defendant was notified and appeared, and, without objection on his part, the case was assigned for May 24, 1897. Upon the last assignment, the witnesses for the State and defendant, having been discharged on April 30, without a day, were resubpœnaed. On each call of the case for trial defendant announced ready, and the State asked for a reassignment each time on the ground of the absence of Carrie Hollis, and defendant was advised that it was for the purpose of procuring her attendance each time the case was postponed. Defendant urged the court each time to cause the State to proceed to trial. Carrie Hollis was arrested on May 22, Saturday, and the next Monday was the first day after her arrest that it was possible to try the case. At no time was anything said by defendant and his attorney about withdrawing the waiver of trial by jury until May 24. Defendant and his attorney were notified that the sheriffs and bailiffs were enjoined to search diligently for Carrie Hollis, and sent to Monroe county for her by direction of the court. Defendant, by his attorney, was also advised that the officers of the court had procured the city police to aid them in apprehending the witness. During the entire administration of the present judge, since January 1, 1891, in the trial of criminal cases upon accusations where juries are not in attendance, the following has been the uniform and invariable practice: The accused is brought before the court, and counsel assigned if one has not been or can not be employed. The defendant is called upon to say whether he wants an indictment and trial by jury. If neither is wanted,

upon the same being waived, the case is assigned for trial and witnesses subpœnæd. In order to avoid a large expense, which would be useless if the accused should demand indictment or jury, or both, a case is never assigned for trial and witnesses subpœnaed until indictment and jury-trial have been waived, or indictment returned and a jury impaneled. This practice was well known to defendant's counsel.

*M. G. Bayne* and *L. J. Spinks,* for plaintiff in error.
*Robert Hodges,* solicitor-general, contra.

FISH, J. The sole question to be considered in this case is, whether the court below erred in refusing to permit the plaintiff in error to withdraw his waiver of trial by jury, under the circumstances as set forth in the reporter's statement. The right of trial by jury in criminal prosecutions is a great constitutional right of which the accused can not be deprived except of his own accord. While he may voluntarily waive it, yet he may revoke such waiver by making timely application therefor. This right of revocation must be exercised in such season as not substantially to delay or impede the cause of justice. In *Brown's* case, 89 *Ga.* 340, it was held, that the only restriction upon this right of revocation is that it be exercised in due and reasonable time; and to the same effect is the ruling in *Butler's* case, 97 *Ga.* 404. The record in the case at bar does not disclose any effort on the part of the accused to delay a trial. On the contrary, it appears that he never at any time asked for a continuance. The case was continued upon three different occasions at the instance of the State, the accused announcing ready for trial each time. If the motion of the accused to withdraw his waiver had been granted, it does not appear that any delay or postponement of the trial of the case would have resulted, because there is nothing in the record showing that there was not a jury present when the motion was made, by whom he could have been immediately tried. This case therefore, upon its facts not materially differing from those of *Brown* and *Butler,* supra, is controlled by the decisions therein rendered; and the court below erred in refusing to allow the accused to withdraw his waiver of trial by jury.

*Judgment reversed.* All the Justices concurring.