## 2557.  PELHAM MANUFACTURING CO. *v.* POWELL.

1. When a statute confers upon the judge of a court jurisdiction to try the facts, unless jury trial be demanded at the return term, no subsequent demand for a jury trial can thereafter divest the judge of this jurisdiction, though in the meantime the case has been tried once and a new trial granted. The statute relates to cases, and not to trials.

(a) The jurisdiction to try the facts in such cases attaches to the judge officially, and may be exercised by any judge lawfully presiding in the court.

(b) The privilege of trial by jury may be made dependent upon a timely demand or other conditions, which, though onerous, do not "totally prostrate the right or render it wholly unavailable."

(c) Unless the statute makes it mandatory for the judge to try the case where a jury is not demanded, he has the discretion, nevertheless, of referring the facts to a jury. There was no timely demand for a jury trial in the present case, and the judge did not abuse his discretion in refusing it.

(d) The jurisdiction conferred by statute upon the judge of a city court, to try the facts unless jury trial be demanded in a designated time and way, is to be differentiated from the somewhat similar power sometimes conferred upon judges by stipulations of parties, as to particular trials in which, but for their consent, the judge would have no jurisdiction to pass upon the facts.

2. The verdict is not so wholly without evidence · to support it as to justify this court in setting it aside.

DECIDED JULY 5, 1910.

Action for damages; from city court of Camilla—Judge Johnson presiding. August 4, 1910.

*Payne, Little & Jones, Colquitt & Conyers,* for plaintiff in error.

*Spence & Bennet, Cox & Peacock, Pope & Bennet,* contra.

POWELL, J. This is the second appearance of this case in this court. On the former hearing we reversed a judgment in the plaintiff's favor and sent it back for a rehearing. See *Pelham Mfg. Co.* v. *Powell,* 6 *Ga. App.* 308 (64 S. E. 1116). The general nature· of the plaintiff's action is stated in the course of the former opinion, and need not be repeated here. When the case went back for the second trial, and while the officers were engaged in collecting up the jurors to fill the panel, evidently with the view of having the case tried by jury, counsel for defendant entered an objection to the entire array, based on the ground that the jury-boxes of the court had not been properly made up. The judge was about to sustain this objection, when counsel for the plaintiff made the point that no jury was necessary, as jury trial had not been demanded. The court, while holding that this point was well taken,

nevertheless stated that he would allow a trial by jury if counsel for the defendant would make certain waivers as to the summoning of a new jury, so as to prevent a continuance of the case for the term. Counsel for defendant declined to make the waivers, and tendered a demand for jury trial. The judge then announced that he would try the case without a jury, that the demand for jury trial came too late. The defendant, therefore, made the suggestion that the judge was disqualified to pass on the facts. The judge sustained this point, and Honorable Albert Sidney Johnson, the judge of the city court of Newton, was called on to preside, and he tried the case without a jury. He rendered judgment in favor of the plaintiff. No request for jury trial was presented to Judge Johnson, but, at the conclusion of the evidence, certain written objections to his presiding in the court were presented. These grounds of objection were similar to those raised in the case of *G. F. & A. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (61 S. E. 505), and ruled adversely to the defendant's contention, in the decision of the Supreme Court in answer to the certified question propounded by this court in that case. See *G. F. & A. Ry. Co.* v. *Sasser,* 130 *Ga.* 394 (60 S. E. 997).

The portion of the act creating the city court of Camilla relating to the judge's power to try the case without a jury is in the following language: "The judge of the city court of Camilla shall have power and authority to hear and determine all civil cases of which said court has jurisdiction, and to give judgment thereon; provided, that any party in any case shall be entitled to a trial by jury upon entering a demand therefor in writing by himself or attorney on or before the call of the docket of the term of said court to which said case is made returnable in all cases where such party is entitled to a jury trial under the constitution and laws of this State."

It was early held in this State, that, as to civil cases, "Modern law reform . . seeks, among other objects, to dispense as much as possible with juries;" that trial by jury is a privilege which may be waived; that when a party has had the opportunity to demand it, and has omitted to demand it, he can not complain that it has been denied him; that by an act of the General Assembly the privilege may be "clogged with onerous conditions" without offending the fundamental law, unless, indeed, the statute be such as "totally

prostrates the right or renders it wholly unavailing." *Flint River Steamboat Co.* v. *Foster,* 5 *Ga.* 194 (48 Am. D. 248). The requirement of a demand for jury trial as a condition precedent to the enjoyment of the privilege is no violation of the constitutional right of trial by jury. *Sutton* v. *Gunn,* 86 *Ga.* 652 (12 S. E. 979). If the statute fixes a reasonable time within which the demand must be made, the right is ordinarily lost unless the demand be made within the time prescribed. *Sutton* v. *Gunn,* supra; *Heard* v. *Kennedy,* 116 *Ga.* 36 (42 S. E. 509). See also *Waterman* v. *Glisson,* 115 *Ga.* 773 (42 S. E. 95); *Miller* v. *Ga. R. Bank,* 120 *Ga.* 17 (47 S. E. 525). In the case of *Heard* v. *Kennedy,* just cited, where the language of the statute was almost literally that before us now, it was held that if the jury trial was not demanded at the return term, it could not be demanded at a subsequent term.

In some of the city-court acts of this State the language is mandatory that the judge shall try the case, if jury trial is not demanded, and in those courts the judge has not the discretion to order a jury trial over the protest of either party. *Green* v. *State,* 6 *Ga. App.* 324 (64 S. E. 1121), and cases therein cited. But unless the language is mandatory that the judge shall try the case in the absence of a demand for jury trial (and the language of the present act is not mandatory in that respect), the judge has the discretion of referring the facts to a jury. *Central R. Co.* v. *Gleason,* 69 *Ga.* 200; *Bibb Land Co.* v. *Lima Machine Works,* 104 *Ga.* 116 (30 S. E. 676, 31 S. E. 401); *Thornton* v. *Travelers Ins. Co,* 116 *Ga.* 121 (42 S. E. 287, 94 Am. St. R. 99). If the statute sets no time limit within which the demand must be made, it may be made at any time before the case is called for trial, or upon the call for trial; and in such cases a waiver of jury trial may be withdrawn, where the case has been tried once and a new trial is to be had, if the notice of a desire for jury trial is timely given. *Brown* v. *State,* 89 *Ga.* 340 (15 S. E. 462). A party who without protest goes to trial before the judge when he should have been tried before the jury, and vice versa, will not be heard to complain or to demand a hearing before the other trior. *Logan* v. *State,* 86 *Ga.* 266 (12 S. E. 406); *Taffe* v. *State,* 90 *Ga.* 459 (16 S. E. 204); *Thomas* v. *State,* 7 *Ga. App.* 637 (67 S. E. 894). The only fair deduction to be drawn from the principles stated and the cases cited above is, that where the statute confers jurisdiction upon the judge

to try the case without the intervention of a jury unless a demand for jury trial is made within a designated time, and the language does not make the duty of so trying it mandatory, the judge thereafter has the discretion of passing on the facts himself or of submitting them to a jury; and that neither party, after the time for making the demand has expired, can insist, as a matter of right, that the case be tried otherwise than in the manner allowed by the judge in his discretion. · Generally a judge who has once passed upon the facts should exercise his discretion by refusing to try them again. But in the case at bar, where an unbiased judge who had never heard the facts was accessible, and a jury could not be obtained without considerable delay, there was no abuse of discretion in refusing a demand for jury trial, made after the term at which the statute prescribed it should be demanded. In fact, Judge Scaife, who first called the case, seems to have treated the defendant with all reasonable consideration in the matter; for he declined to exercise his discretion of ordering a trial without a jury, until it appeared that, on account of the objections the defendant was making, a jury could not be obtained without considerable trouble and delay.

The proposition here asserted deals with the extent of the judge's jurisdiction to try the facts, when a statute confers that jurisdiction, but makes it divestible by a demand for jury trial, tendered within a designated time, and is not to be confused with the proposition, very widely recognized (see Worthington v. Nashville etc., Ry., 114 Tenn. 177 (86 S. W. 307), and the annotations thereto as published in 4 Am. & Eng. Ann. Cases, 1002), that where the parties by stipulation waive jury trial and consent for the case to be tried before a judge who otherwise would not have the jurisdiction thus to try it, the consent will not be extended to a retrial of the case, but will be presumed to have had reference only to the trial which, at the time the agreement was made, was about to occur before the particular judge to whom the stipulation referred. Almost the identical point involved in this case was before the Supreme Court of Alabama in the case of Brock v. Louisville & Nashville R. Co., 122 Ala. 172 (26 So. 335). That court held that where the statute required the demand for a jury trial to be made at the first term, it could not be made thereafter, though in the meantime the case had been tried once and had been

remanded by the Supreme. Court for a new trial. As the court there said, "The statute deals with cases, not trials."

2. As to the other proposition so ably argued by counsel for the plaintiff in error, that the verdict is without evidence to support it, we will say that if we were, in the true sense of the words, a court of appeals, and not merely a court for the correction of errors of law, we could not give our approval to the verdict,—the weight of the evidence seems to be against it. But————

*Judgment affirmed.*