## PATTERSON & SON *et al. v.* BARNETT NATIONAL BANK.

1. The provision in section 7 of the act of the General Assembly of Georgia approved August 22, 1907, amendatory of the act of August 18, 1905, establishing the city court of Thomasville, is not unconstitutional as in violation of paragraph 7 of section 4 of article 6 of the constitution of Georgia.

2. A plea averring that the payee of the notes, a corporation, by and through its president, at the time of the execution of the notes represented to a member of the defendant firm that the payee held certain promissory notes of the firm which were due and unpaid, and that these notes had been executed by another member of the firm; that these representations were false, and that the payee did not hold any note of the firm as stated, and the member of the firm who signed the notes sued on, in ignorance of the falsity of the statement, did so relying upon the truth of the statement by the president of the payee company, sufficiently sets forth fraud on the part of the latter in the procurement of the firm's signature to the notes.

3. And the averments in the plea that the plaintiff bank which sues as owner and holder of the notes was threatening and preparing to prose-

16

cute the president of the payee company for certain alleged criminal acts on account of the conversion, by the individual named, as president of funds belonging to the plaintiff and delivered by it to the individual referred to in trust, and that the notes sued on were delivered to the plaintiff bank under an agreement with it that the criminal prosecution would be withdrawn when this was done, is good as against a general demurrer; and under such a plea the defendants would be entitled to show that the plaintiff was not a bona fide holder of the notes sued on.

### No. 1660. MAY 15, 1920.

Complaint. Before Judge W. H. Hammond. City court of Thomasville. January 8, 1919..

Barnett National Bank brought suit in the city court of Thomasville, against Patterson & Son, a partnership composed of J. G. Patterson and T. A. Patterson, upon two promissory notes, praying judgment for the amount of the principal and interest, and for attorney's fees. The notes were made payable to the Blount Naval Stores Company, and were signed, Patterson & Son per T. A. Patterson, and indorsed by the payee; and the plaintiff alleges that it is the owner and holder of the notes. The defendants filed their plea and answer, in which they denied that they were liable upon the notes, and averred that the plaintiff was not a bona fide holder of the same. It is alleged in the plea that the firm of Patterson & Son was organized for the sole purpose of carrying on the business of manufacturing naval stores, and that the giving of the notes, if the same were in fact given by one of the partners, was without the scope of the partnership business, and the notes were without consideration. They further plead that the notes were procured by fraud; that the Naval Stores Company through its president, B. W. Blount, falsely and fraudulently represented to T. A. Patterson, on the day the notes were given, that the payee held certain notes of Patterson & Son which were past due and unpaid, representing that the past-due notes were given for stock in the Blount Naval Stores Company which had been subscribed for by the defendant, J. G. Patterson; that these representations were untrue, but that T. A. Patterson, relying upon the truth of said statements, executed the notes sued on as renewals, though as a matter of fact the Naval Stores Company did not hold nor were they in possession of any notes of Patterson & Son; but T. A. Patterson was ignorant of the falsity

of the statement.   J. G. Patterson avers that he had no knowledge of the giving of the renewal notes sued on.   They plead further that when the renewal notes were given the plaintiff bank had "threatened and were preparing to prosecute B. W. Blount, president of the Naval Stores Company, for certain alleged criminal acts on account of the alleged conversion by the said Blount of certain funds belonging to the plaintiff and delivered by it to the said Blount in trust, which had prior thereto been deposited with the plaintiff by the Blount Naval Stores Company.   Defendants aver, that, in order to avert the criminal prosecution so threatened, the said Blount induced the said T. A. Patterson to give the said renewal notes upon the representation hereinbefore set forth, and after obtaining the same he did by virtue of an agreement with plaintiff pledge and deposit said renewal notes of Patterson & Son with other certain collateral notes under an agreement with the plaintiff that upon so doing the said criminal prosecution would be withdrawn.   The defendants therefore plead that the plaintiff is not a bona fide holder of the renewal notes, and that the indorsement of the Naval Stores Company, the payee, was void and did not pass the title to the notes to plaintiff and it had no right of action thereon against either of the defendants."   To this plea and answer the plaintiff demurred on the ground that it was insufficient in law as a defense to the suit on the notes.   Certain of the paragraphs were demurred to specifically on the ground that they set forth no defense.   The judge struck all the plea except in so far as it contested the right of the plaintiff to collect attorney's fees.   Proof of the notice required by the statute for the collection of attorney's fees was made, and there was evidence that 10 per cent. of the principal and interest would be reasonable attorney's fees, the notes containing a stipulation that if they were placed in the hands of an attorney for collection after maturity the makers would pay reasonable attorney's fees.   The court rendered judgment in favor of the plaintiff for the principal, interest, and attorney's fees. The defendants excepted on the grounds, that, inasmuch as the notes sued on were not an unconditional contract in writing, the court could not render judgment without the intervention of a jury; and that the provision for the trial of cases in that court without the intervention of a jury, where no jury was demanded,

in accordance with the provision of section 7 of the act approved August 22, 1907, entitled an act to amend the act of 1905 establishing the city court of Thomasville (Acts 1907, p. 238), was unconstitutional and void, being violative of the provisions of paragraph 7 of section 4 of article 6 of the constitution of Georgia.

*Titus, Dekle & Hopkins,* for plaintiffs in error.

*Merrill & Grantham,* contra.

BECK, P. J.    (After stating the foregoing facts.)

1. Under the ruling in the case of *Sutton* v. *Gunn,* 86 *Ga.* 652 (12 S. E. 979), the provision in section 7 of the act approved August 22, 1907 (Acts 1907, p. 240), amendatory of the act of 1905, establishing the city court of Thomasville, is not unconstitutional as being in violation of paragraph 7 of section 4 of article 6 of the constitution of the State of Georgia. The ruling made in the case cited has been followed in later cases, and upon formal request to review and reverse that decision this court declines to do so.

2, 3. Had the notes in this case been sued upon by the payee, the allegations of fraud made in the plea would have been sufficient to withstand the demurrer. Without considering whether or not the execution of such notes to the Naval Stores Company was within the scope of the partnership business, the allegations show that the representations by which the notes were obtained were false and fraudulent, and that the notes were without consideration. But if the bank is a bona fide holder for value, the fraud on the part of the payee, the Naval Stores Company in obtaining the notes, and the fact that the notes were without consideration, will not avail the defendants in this suit by an innocent holder, if it is such. An elaboration of this proposition is unnecessary. See Civil Code, § 4286 et seq., as to the rights of bona fide holders of negotiable instruments; *Freeman* v. *Ross,* 15 *Ga.* 252; *Haskins* v. *Throne,* 101 *Ga.* 126 (28 S. E. 611); *Davis* v. *Howell Cotton Co.,* 101 *Ga.* 128 (28 S. E. 612).

Another question is whether, under the allegations of the plea and answer, the plaintiff bank is divested of the character of a bona fide holder who took the notes for value before due. Had a special demurrer been filed to this part of the plea, the court, no doubt, would have required the pleader to more specifically set forth the facts upon which he depends to show that the transfer

of the notes was made to settle and suppress a criminal prosecution; but there is no special demurrer calling for a more specific statement of the facts referred to, and the demurrer to this part of the plea is as general as the allegations in the plea; and as against a general demurrer we are of the opinion that the allegations of the plea are sufficient.

*Judgment reversed. All the Justices concur.*