27770.  WILSON *v.* THE STATE.

GUERRY, J.  1. While a defendant in a misdemeanor case on an accusation or indictment may waive trial by jury (*Logan* v. *State*, 86 *Ga.* 266, 12 S. E. 406; *Moore* v. *State*, 124 *Ga.* 30, 52 S. E. 81), and can not complain after trial and conviction of a denial of the right (*Lamar* v. *Prosser*, 121 *Ga.* 153 (3), 48 S. E. 977); nevertheless, at any time on or before trial, he may revoke the waiver, provided he acts timely and in such season "as not substantially to delay or impede the cause of justice" (*Cain* v. *State*, 102 *Ga.* 610, 612, 29 S. E. 426), and especially where the State makes no point as to delay or prejudice (*Brown* v. *State*, 89 *Ga.* 340, 15 S. E. 462; *Butler* v. *State*, 97 *Ga.* 404, 23 S. E. 822).

2. In the instant case, though the fact of waiver of trial by jury was in question, yet, granting that a valid waiver was made, it appears that on arraignment on Monday following the arrest of the defendant on the day previous, without bail, the defendant, on being advised by the court that the court would try him on the next succeeding Monday without a jury, promptly employed counsel, who immediately notified the sheriff, since the court had already adjourned, that the defendant desired to be tried by a jury, and also, on the next Monday, entered with the court a written demand for a trial by a jury. It is disclosed that while no jury was present on the call of the case, yet a jury would have been in attendance the following day; and that the State made no point that delay would have been prejudicial to the State. The court erred in trying the defendant without a jury, and in denying the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 22, 1939.

*John E. Drake, C. A. Drake,* for plaintiff in error.