38782.   ONE HOUR VALET OF PEACHTREE, INC.
v. KAMOR.

DECIDED MAY 5, 1961.

*Arnall, Golden & Gregory, H. Fred Gober,* for plaintiff in error.

*Willingham & Gortatowsky, Julian E. Gortatowsky,* contra.

JORDAN, Judge. The statute to be construed in this case provides that the defendant "may file a written demand for a trial by jury on or before the day upon which he is *required* to appear in court in response to the proceedings and upon such defendant's failure thereupon to demand a trial by jury he will be held to have waived the same." (Italics ours). Ga. L. 1913, p. 145 as amended, Ga. L. 1935, pp. 500, 503. Under Section 36 of the statute mentioned above, it is the duty of the defendant to appear and respond to the suit brought against him on the first day of the term to which the action was brought (i.e., the first Monday of the month which falls not less than 12 days from the filing date). However, under Section 46 of the act (Ga. L. 1913, p. 145, as amended by Ga. L. 1918, p. 351)

the defendant against whom a default judgment has been entered has the right to have such default opened on the filing of an affidavit stating that he has, as he is advised and believes, a good defense, and that he is not seeking to open the default for delay only, and the judgment rendered therein may be set aside at any time within 5 days from the rendition of such judgment. This right of the defendant is an absolute one in that the only discretion allowed the trial court is the imposition of double costs in the event it should find the default is opened for delay only. *Washington Nat. Ins. Co.*, *v. Edwards*, 102 Ga. App. 381 (116 S. E. 2d 514). Thus, while it is the duty of the defendant to appear in court on or before the first Monday of the month which falls not less than 12 days from the filing of the suit, he may as a matter of right upon the filing of the proper affidavit and payment of costs wait until 5 days after a default judgment has been rendered against him before he appears in response to the proceeding and files his defensive pleadings.

Counsel for the defendant in error insists that the statute in question is plain and unambiguous in that it sets a date certain on which the demand for jury trial must be filed, and that failure to so file constitutes a waiver thereof. We agree with this contention where a case is proceeding regularly and the defendant has appeared and filed defensive pleadings. However, the instant case involves a default judgment which was opened by the defendant within the time allowed, thereby giving the defendant the right to file an "answer and other defensive pleadings." This clearly reopens the case to the extent of allowing the defendant to file all pleadings which he would have been allowed to file on the date the answer was required in the first instance. We think the term "and other defensive pleadings" is broad enough to include the right to demand a jury trial.

It is true that the privilege of trial by jury may be made dependent upon a timely demand or other conditions, which, though onerous, do not "totally prostrate the right or render it wholly unavailable." *Pelham Mfg. Co. v. Powell*, 8 Ga. App. 38 (1a) (68 S. E. 519). This requirement for a demand for a jury trial

as a condition precedent to the enjoyment of the privilege is no violation of the constitutional right of trial by jury. *Sutton v. Gunn*, 86 Ga. 652 (12 S. E. 979). If the statute fixes a reasonable time within which the demand must be made, the right is ordinarily lost unless the demand be made within the time prescribed. *Sutton v. Gunn*, supra; *Heard & Sutton v. Kennedy*, 116 Ga. 36 (42 S. E. 509). See also *Waterman v. Glisson*, 115 Ga. 773 (42 S. E. 95); *Miller v. Georgia Railroad Bank*, 129 Ga. 17 (47 S. E. 525). If the statute sets no time limit within which the demand must be made, it may be made at any time before the case is called for trial, or upon the call for trial. *Brown v. State*, 89 Ga. 340 (15 S. E. 462). The cases of *Heard & Sutton v. Kennedy*, supra, and *Pelham Mfg. Co. v. Powell*, supra, relied upon by the defendant in error, do not involve the opening of a default judgment and are therefore, to that extent, not analogous to the case under consideration.

It is our opinion that the language of the statute is sufficiently broad to authorize the construction that the day upon which the defendant herein was ultimately *required* to appear in court in response to the proceedings was the day on which he appeared to set aside the default judgment, such date being within 5 days after its rendition. If at such time, as a matter of right, he can file an answer, demurrers and other pleadings to the petition, he should also have the right to demand a jury trial on the issues raised by such pleadings. The clear intent and purpose of the section of this act relating to the opening of a default judgment is to restore the defendant to the same position with reference to his pleadings which he occupied at the time of his failure to appear and plead in the first instance. The policy of the court in determining matters similar to the instant case was announced by Judge Powell in *Bass v. Doughty*, 5 Ga. App. 458, 460 (63 S. E. 516), as follows: "Punctuality is a virtue of high order, but truth and justice are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable." *Washington Nat. Ins. Co. v. Edwards*, 102 Ga. App. 381, supra. Accordingly, the court erred in sustaining the motion to strike the defendant's

demand for a jury trial made upon opening the default judgment and in denying the defendant the right of trial by jury upon said demand. It follows, therefore, that the subsequent proceedings in the case were rendered nugatory, and it is unnecessary to consider the assignments of error thereon.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*