## 47870. BRUMBALOW v. THE STATE.

DEEN, Judge. An accusation was brought against the defendant for driving while intoxicated and with license revoked. On September 15, 1972, he filed a plea of not guilty "and agrees to try before court without jury on November 9, 1972." Subsequently, a written demand for jury trial was made dated October 25 and filed for record October 30. The trial court

refused the demand, tried the case without a jury, and the defendant appeals from his conviction and sentence on this ground. *Held:*

"The right of trial by jury in criminal prosecutions is a great constitutional right of which the accused cannot be deprived except of his own accord. While he may voluntarily waive it, yet he may revoke such waiver by making timely application therefor. This right of revocation must be exercised in such season as not substantially to delay or impede the cause of justice." *Cain v. State,* 102 Ga. 610, 612 (29 SE 426), and see to the same effect *Brown v. State,* 89 Ga. 340 (15 SE 462); *Wilson v. State,* 60 Ga. App. 641 (4 SE2d 688). " ' If the statute sets no time limit within which the demand [for jury trial] must be made, it may be made at any time before the case is called for trial, or upon the call for trial. [Cit.]' *One Hour Valet of Peachtree v. Kamor,* 103 Ga. App. 618, 621 (120 SE2d 130)." *Stansell v. Fowler,* 113 Ga. App. 377, 381 (147 SE2d 793). It does not appear from the record here that the revocation of the waiver of demand for jury trial was opposed by the state or that it would have substantially delayed the cause of justice. Whether or not a jury was available on Thursday, November 9, also does not appear, but a new term of court in Forsyth County commenced by operation of law on the following Monday, November 13, and it may be assumed that there would be a regularly convened jury at least by this four-day period. Since the right to revoke the waiver is subject only to proof of special circumstances showing that its exercise would "substantially delay or impede the cause of justice," and no such proof appears, the judgment of conviction must be reversed.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*
Submitted February 5, 1973 — Decided February 19, 1973 — Rehearing denied March 21, 1973.

*Darryl R. Vandeford,* for appellant.
*C. B. Holcomb, District Attorney,* for appellee.