## 52720. FLEMING v. THE STATE.

QUILLIAN, Judge.

Defendant was arrested for and charged with the offense of theft by taking one bottle of bourbon. At arraignment in the State Court of Clarke County, he was not represented by counsel and entered a plea of not guilty. After the case was called for trial his appointed counsel stated: "Your Honor . . . I have examined the record and [defendant] apparently was not represented at the time that he entered his plea. He did not demand a trial by jury. He wishes to inform the Court now that he does wish trial by jury. . . I don't think he waived a trial by jury. . . The Court: Well, he doesn't have to. . . He can just demand it if he wants one . . . Counsel: It's our position that the law protects him to a certain extent and . . . he has to waive it, express it before he can waive it. The Court: That's not the law . . . we will proceed on . . . Counsel: . . . we'd ask that we have a continuance here so that he may be tried by a jury. . . I do object to him having to go to trial without a jury. The Court: The objection is overruled." Defendant appeals his conviction. *Held:*

1. We have no difficulty in deciding that defendant had a statutory right to a jury trial. Section XXVII of the original Act establishing the City Court of Athens, Ga. L. 1879, pp. 291, 297, provided for trial by the judge "in all cases in which the defendant shall not demand a jury to try his case. . ." As finally amended, the Act now assures that a defendant "may be tried by the court without a jury . . . unless a trial by jury be demanded . . . and any and all demands for jury trial . . . must be in writing, signed by the party or his counsel, and be filed and entered of record on the minutes of said court, at the time said case . . . is called for trial." Ga. L. 1899, p. 353.

The right of trial by jury "may be made dependent upon a timely demand or other conditions, which, though onerous, do not 'totally prostrate the right or render it wholly unavailable.' " *Pelham Mfg. Co. v. Powell,* 8 Ga.

App. 38 (1b) (68 SE 519). The requirement for a demand for a jury trial as a condition precedent is not in violation of the constitutional right to trial by jury. *Sutton v. Gunn,* 86 Ga. 652 (2a) (12 SE 979). Where the statute fixes a reasonable time within which the demand must be made, as in the instant case, the right is ordinarily lost unless the demand is made within the time prescribed. *One Hour Valet of Peachtree v. Kamor,* 103 Ga. App. 618, 621 (120 SE2d 130). Under the circumstances of this case, where the defendant was represented *at the time his case was called for trial,* in absence of compliance with the statutory requirement that the *written* demand for jury trial, be filed and entered of record "at the time said case ... is called for trial," there was a valid waiver of the right.

2. We turn next to the issue of whether or not the trial court should have approved defendant's request to withdraw the waiver of trial by jury. This court held that while a defendant may waive trial by jury "at any time on or before trial, he may revoke the waiver, provided he acts timely and in such season 'as not substantially to delay or impede the cause of justice' (*Cain v. State,* 102 Ga. 610, 612 (29 SE 426)), and especially where the State makes no point as to delay or prejudice. *Brown v. State,* 89 Ga. 340 (15 SE 462); *Butler v. State,* 97 Ga. 404 (23 SE 822)." *Wilson v. State,* 60 Ga. App. 641 (1) (4 SE2d 688).

The record does not disclose any effort on the part of the accused to delay the trial, nor was it opposed by the State, and there is no indication that it would have substantially delayed the cause of justice. Whether a jury was available does not appear, and "since the right to revoke the waiver is subject only to proof of special circumstances showing that its exercise would 'substantially delay or impede the cause of justice,' and no such proof appears, the judgment of conviction must be reversed." *Brumbalow v. State,* 128 Ga. App. 581, 582 (197 SE2d 380); *Cain v. State,* 102 Ga. 610, 612 (29 SE 426). In making our determination that the withdrawal of the waiver should have been permitted is the fact that the defendant was not represented by counsel at his arraignment and we have no indication as to when counsel was appointed. People v. Melton, 125 Cal. App. 2d 901 (271 P2d 962, 46 ALR2d 914). See generally 46

ALR2d 928.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

Submitted September 15, 1976 — Decided October 13, 1976.

*Jack H. Affleck, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.