## 70505. CARLETON v. THE STATE.
### (336 SE2d 333)

SOGNIER, Judge.

Appellant was convicted of two counts of driving under the influence of alcohol. On appeal he contends the trial court erred by requiring appellant to stand trial without a jury after a trial by jury had been timely demanded in writing.

At appellant's arraignment on December 15, 1984 he was not represented by counsel and he did not demand a trial by jury. Trial was scheduled for December 19, 1984 and on December 17, 1984 appellant retained counsel, who filed a written demand for trial by jury the same date. When appellant's cases were called for trial his counsel announced that appellant was ready for *jury* trial, but did not waive his right to a trial by jury. The trial court denied appellant's demand for a jury trial, ruling that appellant had waived a jury trial and that once the calendar was published it was too late to change from a bench trial to a jury trial. This was error.

While a defendant may waive trial by jury at any time on or before trial, he may revoke the waiver provided he acts timely " 'and in such season "as not substantially to delay or impede the cause of justice" [cit.], and especially where the State makes no point as to delay or prejudice. [Cit.]' " *Fleming v. State*, 139 Ga. App. 849, 850 (2) (229 SE2d 800) (1976). Here, as in *Fleming*, the record does not disclose any effort on the part of appellant to delay the trial and his demand for trial by jury was not opposed by the State. Only four days elapsed between appellant's arraignment and his trial, and he retained counsel two days after arraignment. Under such circumstances we find appellant's actions were timely and did not substantially delay or impede the cause of justice. The statute governing the right to trial by jury, OCGA § 9-11-38, sets no time limit for demands for trial by jury, and if there is no time limit within which a demand for jury trial must be made, it may be made at any time before the case is called for trial, or upon the call for trial. *Brumbalow v. State*, 128 Ga. App. 581, 582 (197 SE2d 380) (1973); *Fleming*, supra. Since the right to revoke the waiver is subject only to proof of special circumstances showing that its exercise would substantially delay or impede the cause of justice, and no such proof appears, appellant's conviction must be reversed. *Brumbalow, Fleming*, supra.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 11, 1985.

*Robert C. Harper*, for appellant.
*Alan B. Smith*, for appellee.