A89A1509. CHANCE v. THE STATE.
(387 SE2d 437)

</div>

CARLEY, Chief Judge.

After a bench trial, appellant was found guilty of improper lane usage and of driving under the influence in violation of OCGA § 40-6-391 (a) (1). He appeals from the judgments of conviction and sentences entered on the trial court's findings of guilt and from the denial of his motion for new trial.

1. Over objection, law enforcement officers were permitted to testify that, based upon their personal observations, it was their opinions that appellant was under the influence of alcohol to the extent that he was rendered a less safe driver. The trial court's refusal to sustain the objections to this opinion testimony is enumerated as error.

Although appellant concedes that it was permissible to allow the officers to testify to opinions that he was intoxicated, he urges that it was error to allow the officers to testify to opinions that the extent of his intoxication was such as to render him a less safe driver. It is clear, however, that "[a] witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and *the extent thereof,* stating the facts upon which the opinion is based. [Cits.]" (Emphasis supplied.) *Lawrence v. State,* 157 Ga. App. 264 (2) (277 SE2d 60) (1981). Appellant's further contention that testimony concerning the extent of his intoxication would be inadmissible as the expression of an opinion on the ultimate issue has likewise previously been rejected. See *Fisher v. State,* 177 Ga. App. 465 (1) (339 SE2d 744) (1986). The trial court did not err in allowing the officers' opinions into evidence.

2. On October 24, 1988, appellant and his counsel signed a written waiver of the right to trial by jury. The case was specially set for trial on October 28, 1988. After the case was called for trial and the rule of sequestration had been invoked by appellant, the trial court

heard and denied appellant's motion in limine. Only after the adverse ruling on his motion in limine did appellant seek to withdraw his waiver of jury trial. The State opposed the withdrawal. The trial court refused to allow appellant to withdraw his waiver of jury trial, finding that the case "was set specially for trial this afternoon at two o'clock. No request was made earlier . . . to reinstitute the jury demand in the case. It's the Court's position that the [S]tate is ready at this time, all witnesses are present, apparently ready to go, and it appears the defense is also ready to go in the matter." Appellant enumerates as error the refusal to allow him to withdraw his waiver of jury trial.

" 'The right of trial by jury in criminal prosecutions is a great constitutional right of which the accused cannot be deprived except of his own accord. While he may voluntarily waive it, yet he may revoke such waiver by making *timely application* therefor. This right of revocation must be exercised in such season as *not substantially to delay or impede the cause of justice.*' [Cits.] ' "If the statute sets no time limit within which the demand (for jury trial) must be made, it may be made at *any time before the case is called for trial, or upon the call for trial.* (Cit.)" [Cit.]' [Cit.]" (Emphasis supplied.) *Brumbalow v. State,* 128 Ga. App. 581, 582 (197 SE2d 380) (1973).

Appellant was represented by counsel when he initially waived his right to trial by jury. Compare *Fleming v. State,* 139 Ga. App. 849, 850 (2) (229 SE2d 800) (1976). The request to withdraw that waiver and to reinstate the demand for jury trial was not made before the case was called for trial or upon the call for trial. Compare *Fleming v. State,* supra; *Brumbalow v. State,* supra. It was made only after an adverse ruling on appellant's motion in limine. Accordingly, appellant made no timely request to withdraw his waiver of jury trial. Moreover, the trial court was clearly authorized to find that the request was a mere dilatory tactic and that to grant the request would substantially delay the cause of justice. Compare *Fleming v. State,* supra; *Brumbalow v. State,* supra. Accordingly, the trial court did not err in failing to allow the withdrawal of the waiver of jury trial.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 18, 1989.

*Stephen E. Curry,* for appellant.
*Robert W. Hunter III, Solicitor, Carl P. Dowling, Assistant Solicitor,* for appellee.