A91A0081. ALVARADO v. THE STATE.
(403 SE2d 463)

SOGNIER, Chief Judge.

Jorge Alvarado was convicted by a jury of DUI, reckless driving, and two counts of vehicular homicide, and he appeals from the judgment entered on those convictions.

The evidence adduced at trial showed that on a rainy evening appellant was driving a car in which there were four passengers on Highway 27 from Cedartown to Rome. On a two lane portion of the

road, appellant's vehicle left the highway, ran into a concrete culvert and flipped over, killing two passengers and injuring appellant and the two other passengers. A blood test performed on appellant more than two hours after the accident indicated a blood alcohol level of .12 percent.

Appellant contends the trial court erred by allowing Patrolman Tom Ewing and Sergeant George Lemming of the Floyd County Police Department to give their opinions that appellant was a less safe driver and that he was traveling at an excessive rate of speed. We find no merit in this enumeration.

We cannot agree with appellant that it is necessary that police officers observe drivers before accidents in order to provide a foundation for later opinions concerning whether the drivers were less safe. "Circumstantial evidence may be sufficient to authorize a finding that a defendant accused of driving a motor vehicle under the influence of intoxicants was guilty of the offense although no witness testified positively to having seen him operating the vehicle." *Lawrence v. State,* 157 Ga. App. 264 (1) (277 SE2d 60) (1981). " '[A] witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and *the extent thereof*, stating the facts upon which the opinion is based. (Cits.)' . . . [Cit.]" *Chance v. State,* 193 Ga. App. 242 (1) (387 SE2d 437) (1989). "The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court. [Cit.]" *Hood v. State,* 193 Ga. App. 701, 703 (2) (389 SE2d 264) (1989).

In this case, Ewing, who had been a police officer for over two years and had investigated many accidents, testified that he was the first officer to arrive at the scene of the accident. He observed "an odor of alcohol about [appellant's] breath," and from the distance the car traveled after hitting the culvert, concluded that appellant had been driving faster than the speed limit. Based on that conclusion and the fact that the car ran four feet off the road before hitting the culvert (which in Ewing's opinion showed that appellant was unable to control the car and get it back on the road), Ewing opined that appellant was a less safe driver. Lemming, who had 18 years of police experience and had investigated thousands of accidents, testified that he was called to the scene of the accident, and that he got close enough to appellant to detect a moderate smell of alcohol. Lemming testified that in his opinion, based on "the actual physical evidence at the scene at the time of the investigation," "excessive speed was a factor in this wreck," and appellant "was less safe to drive that vehicle. He should not have been [behind] the wheel."

The opinions expressed as to appellant's safety as a driver having

been given by experienced police officers, and the bases for their opinions having been clearly stated, we find no abuse of the trial court's apparent determination of sufficiency here. See *Chance,* supra; see also *Doughty v. State,* 175 Ga. App. 317, 319 (2) (333 SE2d 402) (1985).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 7, 1991.

*Naman Wood,* for appellant.
*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney,* for appellee.