A97A0863. BALES v. THE STATE.
(488 SE2d 95)

RUFFIN, Judge.

Following a bench trial in the State Court of Rockdale County, the court convicted Stephen Bales of driving under the influence of alcohol and speeding. Bales appeals from the denial of his request for a jury trial, and we reverse.

The record shows that on August 8, 1996, Bales, who was represented by counsel, waived arraignment and entered a plea of not guilty but did not request a jury trial. On August 20, 1996, Bales' counsel filed numerous motions, but again did not request a jury trial. When the case was called for trial, the State announced ready to proceed with a bench trial. Although Bales requested a jury trial and the assistant district attorney stated that "the State does not oppose [Bales'] request[,]" the trial court denied it on the ground that "the request for a jury trial [had] to be made under the statute at the time of the arraignment."

The enabling statute creating the State Court of Rockdale County provides that "[i]n all criminal cases, the judge of said court shall be the judge of both questions of fact and of law unless the person subject to be tried shall, before pleading to the charge against him, or the state shall demand a jury trial." Ga. L. 1987, pp. 5452-5453, § 3 (b). Assuming without deciding, however, that Bales' failure to request a jury trial before arraignment constituted a waiver of his right to a jury trial, we conclude that the trial court erred in refusing to allow Bales to revoke the waiver.

We have held that "while a defendant may waive trial by jury 'at any time on or before trial, he may revoke the waiver, provided he acts timely and in such season "as not substantially to delay or impede the cause of justice" ([cit.]), and especially where the State makes no point as to delay or prejudice. [Cits.]' [Cit.]" *Fleming v. State*, 139 Ga. App. 849, 850 (2) (229 SE2d 800) (1976). Furthermore, "the right to revoke the waiver is subject only to proof of special circumstances showing that its exercise would substantially delay or impede the cause of justice, and [if] no such proof appears, [the] con-

viction must be reversed. [Cits.]" *Carleton v. State*, 176 Ga. App. 399 (336 SE2d 333) (1985).

In this case, the State did not object to Bales' request for a jury trial, and there was *no* proof that providing Bales with a jury trial would have substantially delayed or impeded the trial. The trial court simply did not address the issue of delay. Rather, the court erroneously based its decision to deny the request on the enabling statute's provision that the right is waived if not requested at the time of entering a plea. Moreover, as the State concedes in its brief, the record is silent with respect to the immediate availability of a jury to try the case. See *Fleming*, supra. Although the record shows that Bales was represented by counsel at the time of arraignment, the trial court erred in refusing his request without *any* proof of special circumstances. See *Leggett v. State*, 184 Ga. App. 398 (1) (361 SE2d 546) (1987); *Fleming*, supra; *Brumbalow v. State*, 128 Ga. App. 581 (197 SE2d 380) (1973). Compare *Hansen v. State*, 222 Ga. App. 537, 539 (3) (474 SE2d 735) (1996) (defendant attempted to revoke waiver after rule of sequestration invoked). Finally, although the State asserts that Bales did not attempt to revoke the waiver until after adverse rulings on certain unspecified motions, the transcript indicates that those pretrial rulings were made prior to the day the case was called for trial. Cf. *Chance v. State*, 193 Ga. App. 242 (2) (387 SE2d 437) (1989) (defendant attempted to revoke waiver following denial of his motion in limine which ruling was made *after* case called for trial and rule of sequestration invoked).

Therefore, under the circumstances of this case, the conviction must be reversed and the case remanded for trial by jury. *Leggett*, supra.

*Judgment reversed and remanded. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 19, 1997.

*Bruce F. Morriss, Daniel Shim*, for appellant.
*Michael M. Hawkins, Solicitor, James M. Miskell, Assistant Solicitor, Mirza A. Baig*, for appellee.