## A03A1087. BENNETT v. THE STATE.
### (586 SE2d 704)

SMITH, Chief Judge.

Clint Wayne Bennett was convicted at a bench trial of obstruction of an officer. His amended motion for new trial was denied, and he appeals, asserting as his sole enumeration of error the trial court's refusal to grant his request to withdraw his waiver of jury trial. Finding no error, we affirm.

"While a defendant may waive trial by jury at any time on or before trial, he may revoke the waiver provided he acts timely and in such season as not substantially to delay or impede the cause of justice, and especially where the State makes no point as to delay or prejudice." (Citations and punctuation omitted.) *Carleton v. State,* 176 Ga. App. 399 (336 SE2d 333) (1985). In *Carleton,* the defendant was not represented by counsel when he failed to demand a jury trial at his arraignment, and his counsel filed a jury demand the same day he was retained. No evidence was presented that Carleton had attempted to delay his trial, the State did not object to the demand for jury trial, and the trial took place only four days after Carleton's arraignment.

Here, in contrast, ample evidence was presented of Bennett's repeated efforts to delay his trial, and the State objected to the revocation of his waiver. Bennett waived his right to a jury trial in writing on August 12, 1999, while represented by counsel. In October 2000, the case was continued at Bennett's request on the basis that he was seeking a mental evaluation. In December, the case was continued once again on the basis that a mental evaluation "was pending." But Bennett refused to meet with a doctor, and the mental evaluation was never completed. In April 2001, Bennett asked for and received discharge of his appointed counsel and appointment of a new attorney. Bennett's case was called for a bench trial on August 17, 2001, and at that time he requested that his new attorney be discharged and that he be allowed to withdraw his previous waiver of jury trial. The State objected, observing "it's been one reason after the next as to why we can't dispose of any of his cases. . . . [T]his is basically a last-ditch effort to not have the case tried." The trial court agreed and denied the motion.

"Since the original waiver of the jury trial was effective, it was [Bennett's] burden to revoke the waiver in such fashion so as not to delay the trial or impede the cause of justice." (Citation and punctua-

tion omitted.) *Hansen v. State*, 222 Ga. App. 537, 539 (3) (474 SE2d 735) (1996). The record reflects that Bennett made repeated and persistent efforts to delay his trial by various means, including twice requesting a continuance for a mental evaluation but then refusing to cooperate with the evaluator, as well as twice requesting replacement of his attorney. He did not attempt to revoke a waiver made over two years earlier until his case was called for trial. Under the circumstances, "the trial court was clearly authorized to find that the request was a mere dilatory tactic and that to grant the request would substantially delay the cause of justice. [Cits.]" *Chance v. State*, 193 Ga. App. 242, 243 (2) (387 SE2d 437) (1989).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED AUGUST 19, 2003.

*Lucy J. Bell*, for appellant.

*Dennis C. Sanders, District Attorney, Rindi L. Rozier, Assistant District Attorney*, for appellee.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*