A93A1591. MOJICA v. THE STATE.
(437 SE2d 806)

BIRDSONG, Presiding Judge.

After she was convicted in a bench trial of theft by shoplifting, Joy Ann Mojica filed this appeal. The record shows that Mojica was earlier convicted of this offense, but her conviction was set aside by the trial court sua sponte. Upon retrial of the case, the trial court relied upon the waiver of a jury trial executed prior to her first trial, and, after the trial court denied a motion to allow her counsel to withdraw and a motion for a continuance, the case proceeded to trial and another guilty verdict was returned.

Mojica contends the trial court erred by denying her right to a jury trial, by relying upon her first waiver, by allowing the solicitor to abuse her counsel, and by not permitting her counsel to withdraw from the case. *Held*:

1. Mojica's first enumeration contends the trial court erred by trying her case without a jury because she did not make a knowing and intelligent waiver of her right to a jury trial. The premise of this argument is that because this waiver of her right to trial by jury was somehow defective, the trial judge in her first trial granted her a new trial. Review of the transcript of the first trial, which is a part of the record of this appeal, shows that the grant of the new trial was not based upon any deficiency in Mojica's waiver of her right to a jury trial. Instead, the argument of her first trial defense counsel focuses on his lack of preparation of her case. Therefore, as the waiver shows that it was executed by Mojica after it was read to her by the trial judge and there is no evidence in the record claiming that she did not understand the right being waived, the trial judge did not err by finding that Mojica had waived her right to a jury trial. See *Pahnke v. State*, 203 Ga. App. 88, 90 (416 SE2d 324). Since the waiver of the jury trial was effective, it was Mojica's burden to revoke the waiver in

such fashion so as not to delay the trial or impede the cause of justice. *Brumbalow v. State*, 128 Ga. App. 581 (197 SE2d 380). As Mojica's attempt on the eve of the second trial to revoke the waiver was untimely, it was not effective. *Odom v. State*, 196 Ga. App. 293 (396 SE2d 27); *Leggett v. State*, 184 Ga. App. 398 (361 SE2d 546). Accordingly, the trial court did not err by finding that Mojica had waived her right to a jury trial, and Mojica's first, second, and third enumerations of error are without merit.

2. The fourth enumeration of error contends that the trial court erred by allowing the solicitor to abuse Mojica and her counsel during the trial of the case. Examination of the record shows that the solicitor in no fashion abused Mojica and that his comments were all directed toward her counsel for whom the solicitor expressed his hatred and loathing. Pretermitting whether these remarks constituted error, we have examined the record for any indication that this conduct prejudiced Mojica in any way and have found none. A party seeking a reversal must show not only error, but injury arising from the error alleged. *Raines v. State*, 186 Ga. App. 239, 242 (366 SE2d 841). Nevertheless, there appears to be no purpose in either the solicitor expressing himself in this fashion or the trial court's permitting him to do so.

3. In view of our disposition of the issue in Division 2, any error connected with the trial court not permitting Mojica's counsel to withdraw is also harmless.

4. Finally, Mojica contends that the trial court erred by denying her motion for a continuance. It is within the discretion of the trial judge whether to grant a continuance, and, under the circumstances of this case where Mojica failed to demonstrate any diligence, the trial court did not abuse its discretion. OCGA § 17-8-20; *Wilder v. State*, 199 Ga. App. 514, 515 (405 SE2d 337).

Accordingly, Mojica's enumerations of error are without merit and her conviction is affirmed.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 24, 1993 —
RECONSIDERATION DISMISSED NOVEMBER 9, 1993.

*Robert L. Rehberger*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.