A06A1602. COURSEY v. THE STATE.
(636 SE2d 669)

MILLER, Judge.

Following a bench trial, Linda Coursey, pro se, was found guilty of felony theft by taking. Again pro se, Coursey appeals contending that the trial court erred in offering her the services of a public defender; in assuming that she had recourse in the magistrate court; in denying her right to a jury trial; in failing to consider her health and frame of mind; in suggesting that she limit her testimony to the facts; in finding an improper attempt to repossess; in finding, on the evidence, that the victim was an innocent purchaser for value; in failing to quash the indictment; and in commenting that the case involved more than theft. Discerning no error, we affirm.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence.

(Citation omitted.) *Stone v. State*, 257 Ga. App. 492 (571 SE2d 488) (2002).

---

The record shows that the victim, Randy Thompson, was at his residence when Coursey came onto his property and drove away in his 1985 van. Thompson called 911, and a deputy sheriff arrived shortly thereafter. Coursey returned to the property in a different vehicle as the deputy and Thompson were discussing the incident. After the deputy confronted Coursey about the van, she promised to bring it back. Coursey failed to do so, and her arrest followed.

At trial, Coursey admitted that she had taken the van; that she did not bring it back; and that she had hidden it. Coursey maintained, however, that she had not stolen the vehicle, since Kelvin Mincey, Thompson's seller, had not paid her in full for the van when she sold it to him and since she had not provided Mincey a bill of sale. Mincey, however, testified that Coursey had accepted tools and other personal property from him in payment of the $200 balance owing and told him that (1) a bill of sale was unnecessary and that (2) there was no title for the van. Mincey thereafter registered and insured the vehicle. Upon purchasing the vehicle from Mincey, Thompson did likewise. An employee of the Dodge County Tax Commissioner's Office confirmed that the vehicle lacked a title history, but explained that registration was proper without one in that the vehicle was more than 15 years old.

1. Coursey contends that she was denied her right to a jury trial. The record reveals, however, that she waived this right in the term of court before her bench trial began and only at that time did she seek to revoke the waiver. "[I]t was [Coursey's] burden to revoke the waiver in such fashion so as not to delay the trial or impede the cause of justice. [Cit.]" *Mojica v. State*, 210 Ga. App. 826, 826-827 (1) (437 SE2d 806) (1993). In light of the foregoing, the trial court did not err in refusing to revoke her waiver of a jury trial. See id. (attempt to revoke waiver of jury trial on the eve of trial untimely).

2. Coursey also claims that the evidence was insufficient to support her conviction, arguing that the trial court erred in characterizing Thompson as an innocent purchaser for value. We disagree.

Coursey's claim to the contrary notwithstanding, Mincey testified that he paid Coursey for the vehicle in full and that he duly registered the vehicle as the owner. Thompson then purchased the vehicle, believing Mincey to be the owner. The trial court was entitled to weigh the evidence and conclude that Thompson was an innocent purchaser for value. See OCGA § 40-2-28 (a) (commissioner may accept previous in-state registration by applicant as proof of vehicle ownership); see also *Rohatensky v. Woodall*, 257 Ga. App. 801, 803 (2) (572 SE2d 354) (2002) ("[T]he true owner of personal property may lose title to that property to an innocent purchaser for value without notice by giving to a third party the [indicia of ownership] which

usually accompany the authority to dispose of the property.") (footnote omitted). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Under these circumstances, the evidence sufficed to sustain Coursey's conviction of felony theft by taking. See OCGA § 16-8-2.

3. Coursey's remaining claims of error were not raised and ruled upon below. Consequently, these claims do not present anything for this Court to review on appeal. See *K-Mart Corp. v. Lovett*, 241 Ga. App. 26, 28 (1) (525 SE2d 751) (1999) ("Our review is limited to those grounds presented to and ruled upon by the trial court.") (footnote omitted).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 17, 2006 —
RECONSIDERATION DENIED SEPTEMBER 7, 2006.

Linda Coursey, *pro se.*
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.