In the Supreme Court of Georgia

Decided: January 19, 2016

S15A1509. COLLYMORE v. THE STATE.

MELTON, Justice.

Following a jury trial, Fernando Collymore was found guilty of the felony murder of Rosita Gates as well as the theft by taking of Gates's vehicle.[1] Collymore now appeals, contending that the trial court: (1) gave the jury an improper charge on the concept of "accident;" (2) improperly sentenced him to a felony rather than a misdemeanor for theft by taking; and (3) improperly allowed the jury to use a yardstick and a ruler during deliberations. For the reasons set forth below, we affirm.

---

[1] On February 9, 2012, Collymore was indicted for malice murder, felony murder predicated on aggravated assault, and theft by taking. Following a jury trial ending on August 23, 2013, Collymore was found guilty of felony murder and theft by taking, and he was sentenced to life imprisonment for felony murder with ten concurrent years for theft by taking. On August 27, 2013, Collymore filed a motion for new trial, amended on May 30, 2014, which the trial court denied on September 9, 2014. Collymore filed a timely notice of appeal, and his case, submitted for decision on the briefs, was docketed to the September 2015 Term of this Court.

1. Viewed in the light most favorable to the verdicts, the record shows that, on September 5, 2011, Gates told friends that she intended to break up with her live-in boyfriend, Collymore, on the following day. On the morning of September 6, 2011, Terrieon Dennard, Gates's son, was sitting downstairs in his mother's house when he heard her screaming his name from her bedroom. Terrieon ran upstairs to discover that the bedroom door was locked. Inside, Gates continued to scream for assistance, and she told Terrieon to call police and let them know that Collymore had a gun. Terrieon heard continued fighting inside the bedroom, and he ran downstairs to call for help. While downstairs, he heard a single gunshot, and he ran out of the house. Moments later, Terrieon witnessed Collymore leave the house with a gun in his hand. Collymore then fled to New York in Gates's 2009 Ford Taurus. When police arrived, Gates was discovered in the bedroom with a fatal gunshot wound to her chest. Forensic testing showed that there was no gunpowder on Gates's shirt, so, according to a firearms expert, Collymore had to be at least three-and-a-half feet away at the time that he pulled the trigger of the gun. After he was apprehended, Collymore contended that the shooting was an accident, maintaining that he was attempting to kill himself and that the gun went off when Gates tried to take it away from

2

him. To counter this contention, the State put forth evidence showing that, when she was a child, Gates accidentally shot and killed her mother in a firearm accident. As a result, Gates was phobic of guns and repeatedly said that she would never touch one again.

This evidence was sufficient to enable the jury to find Collymore guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Collymore contends that the trial court gave the jury an incomplete charge on accident because it removed references to criminal negligence from the pattern jury charge.[2] Pretermitting whether the trial court erred by omitting

---

[2] The pattern charge states:
No person shall be found guilty of any crime committed by misfortune or accident in which there was no criminal scheme, undertaking, or intention (or criminal negligence). An accident is an event that takes place without one's foresight or expectation, that takes place, or begins to exist, without design. If you find from the evidence in this case that the incident that is the subject matter of this case occurred as a result of misfortune or accident and not as a result of a criminal undertaking or criminal negligence, then it would be your duty to acquit the defendant. When the issue of accident is raised, the burden is on the State to negate or disprove it beyond a reasonable doubt. Any evidence as to misfortune or accident should be considered by you in connection with all of the other evidence in the case. If in doing so, you should entertain a

the phrase "criminal negligence" under the facts of this case, there is no likelihood that the omission affected the outcome of the trial. The instruction as given informed the jury that for it to find [Collymore] not guilty by reason of accident, there must be "no criminal scheme, undertaking, or intention." [Collymore] now argues that the jury should have been informed instead that there must be "no criminal scheme, undertaking, intention, or criminal negligence." Thus, the effect of the trial court's omission was to remove from the jury's consideration one factor, to wit, criminal negligence, that would be required for it to find that [Collymore] was not guilty by reason of accident. Put another way, what [Collymore] now claims to be the proper instruction would require the jury to make an additional finding before it could find him not guilty than it had to do under the instruction given at trial. Accordingly, as the instruction given actually made it easier for the jury to acquit [Collymore] than the instruction he now prefers would, we cannot conclude that the omission of the term "criminal negligence" from the instruction on accident affected the outcome of his trial.

(Citation omitted.) <u>Mathis v. State</u>, 293 Ga. 35, 40-41 (3) (743 SE2d 393) (2013). There was no reversible error.

3. Collymore argues that the trial court erred by sentencing him for a felony for the theft of Gates's car rather than for a misdemeanor. We disagree.

---

reasonable doubt as to the guilt of the accused, it would be your duty to acquit. On the other hand, should you believe from the evidence as a whole that the defendant is guilty beyond a reasonable doubt, you may convict.

4

"[I]t has long been the law in this state that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." (Citations omitted.) Fleming v. State, 271 Ga. 587, 589 (523 SE2d 315) (1999). The theft of Gates's vehicle occurred on September 6, 2011, and the version of OCGA § 16-8-12 (a) (5) (A) that was effective from July 1, 2009 to June 30, 2012, provided, in relevant part:

> if the property which was the subject of the theft was a motor vehicle or was a motor vehicle part or component which exceeded $100.00 in value . . . [the theft may be punished] by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor; provided, however, that any person who is convicted of a second or subsequent offense under this paragraph shall be punished by imprisonment for not less than one year nor more than 20 years.

(Emphasis supplied.)[3] As Collymore was found guilty for the theft of a motor vehicle,[4] it was in the discretion of the trial court to sentence Collymore to a

---

[3] Effective July 1, 2012, the reference to motor vehicles was removed from the statute, which generally limited felony punishment to the theft of property exceeding $1,500 in value.

[4] Collymore also makes an alternative argument that the version of OCGA § 16-8-12 (a) (5) (A) applicable to this case should be interpreted to require proof that any stolen motor vehicle, itself, and not just any stolen part or component, must exceed $100 in value. Even if this interpretation were correct, the evidence shows that Collymore stole a functioning 2009 Ford Taurus, a

felony for the theft of Gates's car. As such, Collymore's felony sentence for theft by taking was proper.

4. Collymore contends that the trial court erred by allowing the jury to use a yardstick and a ruler during its deliberations. Again, we disagree.

The record shows that, during the presentation of its case, the State called a firearms expert to testify regarding the distance from which Gates was shot. Based on the absence of gun powder on Gates, the expert opined that the gun had to have been at least three-and-a-half feet away from her when it was fired. It is undisputed that, during the expert's testimony, a yardstick was used to show this distance. Later, after deliberations had begun, the jury requested use of both the yardstick and a ruler, and the trial court allowed use of both, over Collymore's objection. This decision was not erroneous. See, e.g., Carson v. State, 241 Ga. 622, 626 (3) (247 SE2d 68) (1978). In this case, the yardstick and the ruler did not have the effect of introducing new evidence. They were merely standard measuring devices which allowed the jurors to examine evidence, and the accuracy of the devices was never questioned. Id. In any event, even if there

_____

vehicle clearly worth more than the nominal amount in the statute.

6

had been error in allowing the measuring devices to go out with the jury, it is uncontested that the same yardstick used by the jury had been previously used during testimony to illustrate the distance being described by the firearms expert. Thus, under the facts and circumstances of this case, there was neither error nor harm.

Judgment affirmed. All the Justices concur.