**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 3, 2016**

# In the Court of Appeals of Georgia

A16A0390. BROWN v. THE STATE.

MCMILLIAN, Judge.

Johnny Jerome Brown was convicted following a bench trial of felony and misdemeanor theft by taking. Brown filed a motion for new trial asserting the general grounds, and after he was appointed new appellate counsel, amended his motion to also raise a challenge to the sufficiency of the evidence. The trial court denied Brown's motion following a hearing, and Brown filed a notice of appeal to this Court.[1] As more fully set forth below, we now affirm.

---

[1] We note that the notice of appeal was filed on Brown's behalf by his appellate counsel. During the pendency of this appeal, Brown also filed a separate pro se enumeration of errors and brief in the trial court, which was then forwarded to this Court, in which, among other things, Brown takes issue with the way the proceedings below were conducted and expresses dissatisfaction with both his trial and post-trial counsel. However, it does not appear that Brown has ever waived his right to appellate counsel or filed any petition to pursue his appeal pro se. Accordingly, we

1. Brown first contends that his waiver of jury trial was not knowingly and intelligently made and that the trial court erred by refusing to allow him to revoke his waiver. The record shows that following a hearing during which Brown was placed under oath and examined by the trial court concerning his desire to waive his right to a jury trial, Brown executed a "Consent Order Granting Waiver of Jury Trial," which set out that Brown had waived his right to be tried by a jury in open court after the trial court had conducted a "thorough inquiry" into his request. However, on the morning of trial, Brown's counsel informed the trial court that Brown had indicated to her that he wished to revoke his jury trial waiver, and Brown then informed the trial court that he signed the jury trial waiver because his previous counsel had assured him that the State was only seeking restitution and that it was in his best interest to sign the waiver so they could "waive having people in a jury." Brown's current trial attorney stated that she did not have any personal knowledge of the discussions between Brown and his previous attorney, but that she agreed with the advice that it would be in Brown's best interests to waive his right to a jury trial.

will not consider the contentions raised in Brown's separate pro se filings in this appeal. *Merriweather v. Chatman*, 285 Ga. 765, 766 (684 SE2d 237) (2009) ("A defendant has a right to pursue an appeal pro se if preceded by an appropriate waiver of the right to appellate counsel.") (citation and punctuation omitted); *Costello v. State*, 240 Ga. App. 87, 87-88 (522 SE2d 572) (1999) (same).

2

Noting that the case was four years old and that all the witnesses were present, the trial court found that it would thwart the work of the court to allow Brown to withdraw his waiver of jury trial and denied Brown's motion.

Following trial, Brown filed a motion for new trial, as amended, but did not raise any issue concerning whether his jury trial waiver had been knowingly and intelligently made and never raised any contention concerning the trial court's denial of his request to withdraw his waiver. During the hearing on the motion, Brown's post-trial counsel, who also represents Brown on appeal, informed the trial court that he had "nothing in need of hearing. I have no facts," and that he wanted to proceed with an appeal based on the contention raised in his amended motion that the evidence was insufficient. The State's attorney clarified for the record that the only issue preserved for appeal was the issue of sufficiency of the evidence. In light of these circumstances, and considering that the issue of waiver could not be further developed without an evidentiary hearing at which Brown's former counsel could testify, we agree with the State that Brown has waived the right to raise this issue on appeal. See *Lloyd v. State*, 259 Ga. App. 636, 641 (4) (577 SE2d 854) (2003) (issue of voluntariness waived when raised for first time on appeal); see generally *Allison*

*v. State*, 288 Ga. App. 482 (654 SE2d 628) (2007) (extrinsic evidence concerning waiver of jury trial may be presented at hearing on motion for new trial).

Moreover, we note that the record reflects that his waiver was valid. The trial court engaged in an extensive colloquy with Brown prior to the execution of his waiver and informed Brown of his rights and the effect of the waiver of those rights. Contrary to Brown's statement that his then counsel had assured him the State was seeking only restitution, the trial court informed Brown of the possible punishments he was facing, and Brown acknowledged his understanding of those possible punishments. Brown stated clearly that he understood that he was waiving the right to have his case heard by a jury and that a judge would try his case, and that he also understood that there was a possibility he could be sentenced to a maximum of 12 years if he were convicted, after which he reaffirmed he wanted to waive a jury trial. The trial court also asked Brown if he had been promised anything, threatened or coerced into waiving his rights, and Brown responded "No, sir." Brown signed a consent waiver form following the hearing, in which he reaffirmed his knowledge of the rights he was waiving and that the judge would impose sentence on him if he was found guilty. Accordingly, the record demonstrates that Brown voluntarily, knowingly, and intelligently waived his right to a jury trial.

4

Likewise, there is no merit to Brown's contention that the trial court erred by denying his request to revoke his waiver on the morning of the scheduled bench trial. A defendant may revoke a prior waiver of trial by jury as long as the defendant exercises his right to revoke the waiver in a timely manner and "in such season as not substantially to delay or impede the cause of justice." *Cain v. State*, 102 Ga. 610, 612 (29 SE 426) (1897).

As the trial court noted in denying the motion, Brown's case had been pending for four years by the time of trial, and Brown had waited until the morning of trial when witnesses were present to seek to revoke his waiver. Additionally, the record reflects that Brown's bond had been revoked and bench warrants issued on four occasions between the time Brown was indicted and his case was called for trial. Although it appears that on two of those occasions the bench warrants were dismissed when valid reasons for Brown's failure to appear were revealed, the other two remain unexplained.[2] In view of Brown's repeated failures to appear in court, the timing of

---

[2] On appeal, Brown suggests that "[f]rom the circumstances surrounding" one of the unexplained bench warrants, "it can be inferred [that] Brown's change of address may have contributed to him missing court. . . ." But Brown's failure to raise this issue in his motion for new trial court prevents this Court from giving full consideration to this issue, illustrating why failing to raise issues at the motion for new trial phase where they could be fully explored may result in waiver.

the requested revocation, and the fact that his purported reasons for seeking to revoke his waiver, including that he had not understood that a judge, rather than a jury would be deciding his case, are at odds with his acknowledgments at the waiver hearing and on the waiver consent form, the trial court was authorized to deny his request to revoke his waiver and proceed with a bench trial. E.g., *Coursey v. State*, 281 Ga. App. 494, 495 (1) (636 SE2d 669) (2006); *Bennett v. State*, 262 Ga. App. 800, 800-01 (586 SE2d 704) (2003).

2. Brown also argues the evidence was insufficient to support his conviction for theft by taking because the State failed to prove the value of the motor vehicle parts taken exceeded $100.

Brown was charged in Count 1 of the indictment with taking four car engines with a value exceeding $100. At the time of the theft,[3] the trial court had the discretion under OCGA § 16-8-12 (a) (5) (A) to impose a felony sentence against a

---

[3] "[I]n general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." (Citation and punctuation omitted.) *Collymore v. State*, 298 Ga. 335, 337 (3) (782 SE2d 7) (2016). The theft of the motor vehicle parts occurred in August 2010, and thus the version of OCGA § 16-8-12 (a) (5) (A) effective from July 1, 2009 to June 30, 2012 was properly applied. Id. Effective July 1, 2012, the reference to motor vehicles was removed from the statute. Id. at 338, n.3.

person convicted of the theft of a motor vehicle or motor vehicle parts or components which exceeded $100 in value.

The proper measure of value "is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property." (Citation and punctuation omitted.) *Porter v. State*, 308 Ga. App. 121, 123 (2) (706 SE2d 620) (2011). The State sought to prove the value of the car engines through the testimony of Donald P. Letteer, Jr., who witnessed Brown take the engines from the repair business he operated with his mother.[4] Letteer testified that his family had been in the automobile parts business since 1969, that he started working in the business around 1973, and that he had a great deal of experience in dealing with automobile parts. He identified the parts stolen as vintage Volkswagen engines manufactured in the 1960's and said they were "irreplaceable" and valuable in the car restoration business. He testified it would cost $2500 or more for him to replace the engines and based his opinion on internet research, speaking with other people, his own knowledge about the value of the parts from his long experience in the automobile parts industry, and his knowledge that the parts were now

[4] Brown's defense was that he had permission to take the engines. However, he does not challenge the sufficiency of the evidence as to the wrongful taking of the property on appeal.

unobtainable. This evidence was sufficient to authorize the trial court to exercise its discretion to sentence Brown to felony theft by taking.

*Judgment affirmed. Miller, P. J., and McFadden, J., concur*.