**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 27, 2026**

# In the Court of Appeals of Georgia

A25A1655. MARQUEZ v. THE STATE.

DILLARD, Presiding Judge.

Following a bench trial, Marco Marquez was convicted on one count each of child molestation, aggravated sexual battery, and providing a false name to law enforcement. On appeal, Marquez contends the trial court erred in failing to apply the rule of lenity by sentencing him on the child-molestation count rather than for sexual battery. For the following reasons, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that in June 2017, eleven-year-old A. M. injured his hamstring during field-day activities at his school. A few days after suffering the injury, A. M.'s mother scheduled her son

---

[1] See, e.g., *Libri v. State*, 346 Ga. App. 420, 421 (816 SE2d 417) (2018).

to receive treatment from Marquez, who worked as a massage therapist out of his home and had previously treated her husband. At the end of that appointment (which ended without incident), Marquez recommended that A. M. schedule a follow-up massage; and so, his mother made an appointment for July 8, 2017.

Upon arriving at Marquez's home for the follow-up appointment, A. M. went to the spare bedroom where Marquez provided massage treatment while his mother waited in another room. But unlike the first massage, this time, Marquez directed A. M. to remove his shirt. A. M. complied and laid on his back as Marquez began massaging his injured leg. Marquez then began touching higher and higher up A. M.'s thigh, and eventually started rubbing his penis. Next, Marquez told A. M. to remove his underwear; and although A. M. was confused by what was happening, he again complied. Marquez then placed his mouth on A. M.'s penis, and told him to pull his knees toward his chest—at which point, he placed his finger in A. M.'s anus. A. M. told Marquez to stop, got up from the massage table, put his clothes back on, and left with his mother.

A. M. did not immediately tell his mother what happened after they left Marquez's home; but later that day, after his mother asked if he wanted to schedule

another massage, A. M. told her what Marquez had done to him. Understandably flustered and upset, A. M.'s mother initially called her pastor, explained what happened, and asked for advice. The pastor told her to call law enforcement, which she did that same day. Law-enforcement officers then went to Marquez's home and spoke with him about A. M.'s accusation. During that conversation, Marquez initially provided the officers with a false name and he was placed under arrest shortly after doing so.

A few months later, the State charged Marquez, via indictment, with one count each of child molestation, aggravated sexual battery, and providing a false name to law enforcement. And nearly one year after the indictment, the State filed a notice that it would seek to submit evidence of Marquez's prior bad acts. But the case then languished for a long time—mostly due to Marquez's dissatisfaction with various appointed counsel. Almost five years later, the case was placed on a trial calendar, during which Marquez waived his right to a jury and requested a bench trial. The same day, following a pre-trial hearing on the State's motion to admit prior bad acts, the trial court ruled the evidence was admissible.

The case then proceeded to trial, during which the State presented the above-referenced evidence. The State also called Melvin Contreras as a witness, who testified that in 2008—when he was 14 years old—he sought massage treatment from Marquez for a sports injury. Contreras testified that—similar to A. M.'s experience—the first time Marquez treated him, nothing untoward occurred. But then, during a follow up treatment, Marquez touched Contreras's penis and performed oral sex on him. Contreras added that Marquez sexually abused him a few more times before he ceased contact with him. Finally, Contreras explained that he never told anyone about Marquez's actions, but he ultimately contacted law enforcement after seeing a news report about A. M.'s allegations.

After the State rested, Marquez testified in his own defense and denied inappropriately touching A. M. Even so, at the trial's conclusion, the trial court found Marquez guilty on all counts in the indictment. And immediately after issuing the verdict, the court imposed a sentence of 15 years with ten years to serve in confinement on the child-molestation conviction in Count 1 and a sentence of life with ten years in confinement on the aggravated-sexual-battery conviction in Count 2, to be served consecutively to Count 1. The court then further imposed a sentence of 12

months on the conviction for providing a false name to law enforcement, with that sentence to be served concurrently with Counts 1 and 2.

Later, the trial court denied Marquez's motion for new trial, but then amended its sentence to correct some confusion as to whether it improperly probated a life sentence.[2] More precisely, the court imposed an amended sentence of 15 years with ten years in confinement on Count 1 and 35 years in confinement and life on probation on Count 2, to be served concurrently with Count 1. As to Count 3, the trial court re-imposed the same sentence of 12 months to be served concurrently with Counts 1 and 2. This appeal follows.

In his sole enumeration of error, Marquez contends the trial court erred in failing to apply the rule of lenity by sentencing him on the child-molestation count rather than for sexual battery. We disagree.

The Supreme Court of the United States has described the rule of lenity "as a sort of junior version of the vagueness doctrine," which requires fair warning as to

---

[2] See generally *Mejia v. State*, 366 Ga. App. 837, 838(a) (884 SE2d 423) (2023) ("If a life sentence is imposed . . . the trial court lacks the discretion to probate or suspend the life sentence, unless otherwise provided by law."); *Grace v. State*, 347 Ga. App. 396, 400(2) (819 SE2d 674) (2018) ("Construing OCGA § 17-10-1, we have consistently held that a trial court's ability to probate or suspend a sentence does not extend to life sentences.").

what conduct is proscribed.[3] The rule of lenity ensures that "if and when an ambiguity

exists in one or more statutes, such that the law exacts varying degrees of punishment

for the same offense, the ambiguity will be resolved in favor of a defendant, who will

then receive the lesser punishment."[4] But importantly, the rule of lenity comes into

play "only to resolve ambiguities that remain after applying all other tools of statutory

construction."[5]

---

[3] *United States v. Lanier*, 520 U.S. 259, 266(II) (117 SCt 1219, 137 LE2d 432) (1997) (punctuation omitted). Accord *McNair v. State*, 293 Ga. 282, 283 (745 SE2d 646) (2013); *Calandra v. State*, Case No. A25A1504, 2026 WL 22015, at *4 (Ga. Ct. App. Jan. 5, 2026).

[4] *Gordon v. State*, 334 Ga. App. 633, 634 (780 SE2d 376) (2015) (punctuation omitted). See *McNair*, 293 Ga. at 283 (noting that the rule of lenity provides that statutory ambiguity is "resolved in favor of the defendant, who will then receive the lesser punishment"); see also *Pulsifer v. United States*, 601 U.S. 124, 185 (144 SCt 718, 218 LE2d 77) (2024) (Gorsuch, J., dissenting) (noting that the rule of lenity "enforces weighty constitutional values," and that "[c]ourts construe ambiguous penal laws with lenity because a free nation operates against a background presumption of individual liberty."); Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 299 (1st ed. 2012) (noting that the rule-of-lenity canon is justified by the well-established precept that "when the government means to punish, its commands must be reasonably clear").

[5] *State v. Nankervis*, 295 Ga. 406, 409(2) (761 SE2d 1) (2014) (punctuation omitted). See *Woods v. State*, 279 Ga. 28, 31(3) (608 SE2d 631) (2005) (holding that when "a crime is penalized by a special law, the general provisions of the penal code are not applicable").

Turning to the statutes at issue, in July 2017, when Marquez sexually abused A. M., OCGA § 16-6-4(a)(1) provided that "[a] person commits the offense of child molestation when such person . . . [d]oes an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" And OCGA § 16-6-22.1 (b) defined sexual battery as when a person "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." Significantly, this Court has explained that the rule of lenity "does not apply between the statutes criminalizing sexual battery and child molestation because the offense of child molestation requires additional proof of the defendant seeking to arouse his own sexual desires, which [was] not required for the offense of sexual battery."[6] And likewise, the offense of sexual battery "requires proof of physical contact and the victim's lack of consent, which are not required for the offense of child molestation."[7]

---

[6] *In the Interest of P. T.*, 353 Ga. App. 511, 515(1)(b) (838 SE2d 596) (2020). See *Koroma v. State*, 350 Ga. App. 530, 532–33(2) (827 SE2d 903) (2019) (holding no ambiguity existed between the sexual-battery statute and the child-molestation statute such that the rule of lenity applied); *Parfenuk v. State*, 338 Ga. App. 95, 100–01(3) (789 SE2d 332) (2016) (same).

[7] *In the Interest of P. T.*, 353 Ga. App. at 515(1)(b).

As a result, we have held the two statutes "do not conflict and there is no uncertainty as to which penal clause is applicable in this case."[8]

Even so, Marquez notes that in 2021, OCGA § 16-6-22.1 was amended to add a subsection (f), which, in relevant part, provides that "[w]hen the alleged victim is under the age of 16 years and the conduct is for the purpose of sexual arousal on the part of the alleged offender or alleged victim, consent of the alleged victim shall not be a defense to a prosecution under this Code section . . . ."[9] And given that this amendment criminalizes conduct entailing physical contact on victims under the age 16 years for the purpose of sexual arousal and removes consent as a defense, Marquez argues that subsection (f) is indistinguishable from OCGA § 16-6-4(a)(1). So, he maintains the trial court erred in failing to apply the rule of lenity to his child-molestation conviction and impose the more lenient sentence under the sexual-battery statute.[10]

---

[8] *Id.*

[9] See Ga. L. 2021, p. 80, § 1 (effective July 1, 2021).

[10] Compare OCGA § 16-6-22.1(d)("A person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years."), with OCGA § 16-6-4(b)(1)("Except as provided in paragraph (2)

But as noted above, Marquez's sexual abuse of A. M. occurred in July 2017, and the State indicted him on charges related to that conduct later that same year. And it has long been the law in Georgia that, in general, a crime is "to be construed and punished according to the provisions of the law existing at the time of its commission."[11] As a result, because the General Assembly did not make the amendment to OCGA § 16-6-22.1 retroactive,[12] Marquez was properly sentenced in conformity with the law as it was when the crime was committed.[13]

---

of this subsection, a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years .... ").

[11] *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999). Accord *Collymore v. State*, 298 Ga. 335, 337(3) (782 SE2d 7) (2016).

[12] See *supra* note 9.

[13] See *Jones v. State*, 302 Ga. 488, 491-92(1)(c) (807 SE2d 344) (2017) (holding defendant could not be re-sentenced for felony murder, which was predicated on cruelty to children in the second degree, in accordance with amendment to sentencing statute that was not in effect when crime was committed, since legislature did not make amendment to sentencing statute retroactive); *Collymore*, 298 Ga. at 337-38(3) (explaining trial court properly sentenced defendant under version of theft-of-a-motor-vehicle statute as it existed at the time defendant committed crime); *Cody v. State*, 324 Ga. App. 815, 824-25(3) (752 SE2d 36) (2013) (concluding defendant was properly sentence under version of child-molestation statute in effect at the time the offense occurred).

Moreover, although the offense of sexual battery under OCGA § 16-6-22.1(f) (as amended) certainly includes some of the same elements as child molestation under OCGA § 16-6-4(a)(1), the latter statute also requires proof the defendant "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years . . . ."[14] We are not free, then, to construe that initial requirement as mere surplusage.[15] Indeed, to convict a defendant of child molestation, the State must "prove the following elements: (1) *commission of an immoral or indecent act*; (2) to or in the presence of or with any child under the age of 16; (3) with the intent to arouse or satisfy the sexual desires of either the child or the perpetrator."[16] In contrast, there

---

[14] OCGA § 16-6-4(a)(1).

[15] See *Clark v. State*, 370 Ga. App. 430, 433(1) (897 SE2d 645) (2024) (explaining we must "interpret the statute as a whole, striving to make all its parts harmonize and to give a sensible and intelligent effect to each part, and to avoid constructions that make some language mere surplusage").

[16] *Id.* at 432(1) (quotation marks omitted) (emphasis added). See *Wormley v. State*, 255 Ga. App. 347, 348 (565 SE2d 530) (2002) (explaining that "[i]mmoral or indecent acts constituting child molestation refer to acts generally viewed as morally indelicate or improper or offensive, and acts which offend against the public's sense of propriety" and must be determined separately from the element of intent to arouse (punctuation omitted)); *Grimsley v. State*, 233 Ga. App. 781, 784-85(1) (505 SE2d 522) (1998) (analyzing element of whether defendant committed an immoral or indecent act separately from element of whether defendant had intent to arouse or satisfy sexual desires to determine whether sufficient evidence supported child molestation

is no language in any part of OCGA § 16-6-22.1 requiring the physical-contact element of sexual battery be proven to be immoral or indecent.[17] Consequently, even if OCGA § 16-6-22.1(f) applied here, because different additional proof would still be required to demonstrate child molestation, the rule of lenity would not apply.[18] The trial court did not err, then, in failing to apply the rule of lenity by sentencing Marquez on the child-molestation count rather than for sexual battery.

*Judgment affirmed. Mercier, J., and Senior Judge C. Andrew Fuller, concur.*

conviction).

[17] See OCGA § 16-6-22.1.

[18] See *Clark*, 370 Ga. App. at 434-35(1) (holding rule of lenity did not apply to require defendant's act of masturbating in public be punished only as public indecency rather than as child molestation because latter charge required additional proof of a victim under the age of 16 and that defendant sought to arouse his own sexual desires, while public indecency only required a lewd act performed in a public place).